Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Kimberly Hudson-Bryant (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by OCMBC, Inc. d/b/a LoanStream ("LoanStream") to market its loan services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of LoanStream's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by LoanStream makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff Kimberly Hudson-Bryant is an individual located in Texas.

4. Defendant LoanStream, LLC is a California limited liability company that makes telemarketing calls from this District.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has general jurisdiction over LoanStream because the company is located in this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent from this District.

## TCPA BACKGROUND

The National Do Not Call Registry

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

11. Defendant LoanStream is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number, 323-XXX-XXXX, is used for residential purposes and is used for personal purposes.

13. That number is not associated with a business.

14. The number has been registered on the National Do Not Call Registry continuously since September 1, 2003.

15. Despite this, the Plaintiff received two telemarketing calls from LoanStream as part of its solicitation campaign on October 12, 2021, at 1:07 PM and 2:18 PM.

16. The calls were sent from the Caller ID 213-521-2618.

17. The first call, at 1:07 PM, was unanswered and went to voicemail.

18. The second call, at 2:18 PM, was answered by Plaintiff. When Plaintiff answered, an individual named "Karisha" with "LoanStream Mortgage" was looking for an individual named "Ms. Woods."

19. The caller went into a sales pitch and stated that the Plaintiff was pre-qualified to refinance her mortgage for a lower interest rate if it was above 3%.

20. For the aforementioned reasons, the message the Plaintiff received was sent using automated means. This is especially so because it bears indicia that it was created from a generic, scripted message, including the fact that Plaintiff is not Ms. Woods.

21. On January 3, 2023, the Plaintiff sent an email to the Defendant attempting to ascertain why she received the aforementioned unwanted and unsolicited calls, to request that her number be placed on Defendant's Do Not Call List, and to receive a copy of Defendant's Do Not Call Policy.

CLASS ACTION COMPLAINT
-4-

22. The Defendant did not respond to this correspondence.

23. This use of automated means to make calls is indicative of *en masse* calling.

24. The calls were not necessitated by an emergency.

25. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power, network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

## **CLASS ACTION ALLEGATIONS**

26. Plaintiff bring this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

27. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

28. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

**Numerosity**

29. Members of the Class are so numerous that their individual joinder is impracticable.

30. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

31. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

32. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

33. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

34. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act and

whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

35. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls.

### Adequacy of Representation

36. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

37. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

38. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

39. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

40. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

41. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

42. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

43. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

44. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

45. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making

telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

46. The Defendant's violations were negligent, willful, or knowing.

47. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: January 11, 2024         PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Dana Oliver*

*Attorney for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT
-10-