| | |
|---|---|
| 1 | dana@danaoliverlaw.com |
| 2 | OLIVER LAW CENTER, INC. |
|   | 8780 19th Street #559 |
| 3 | Rancho Cucamonga, CA 91701 |
| 4 | Telephone: (855)384-3262 |
|   | Facsimile: (888)570-2021 |
| 5 | Attorney for Plaintiff and Putative Class |

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM,<br><br>*Defendant* | Case No. 8:24-cv-67-FWS-JDE<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: April 25, 2024**<br>**Time: 9:00 AM**<br>**Courtroom: 10D** |

1.   Statement of the Case

   Plaintiff alleges that OCMBC, Inc. d/b/a LoanStream ("LoanStream" or "Defendant") made telemarketing calls to numbers on the National Do Not Call Registry violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including her own. Due to the *en masse* nature of the calling, the Plaintiff

has filed this matter as a putative class action on behalf of the following class of individuals:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

Defendant contends that it is not liable for the claims alleged in the Complaint, as none of Defendant's representatives ever contacted Plaintiff, no person by the name of "Karisha" worked for Defendant in October of 2021, and Defendant has never controlled, managed, or operated a phone number with the Caller ID 213-521-2618. Defendant does not operate call centers or make solicitation calls.

2. <u>Subject Matter Jurisdiction:</u>

Plaintiff asserts a claim against LoanStream under the TCPA, which is a federal statute. Under 28 U.S.C. § 1331, she therefore has properly invoked this Court's subject matter jurisdiction over a federal question. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012). Defendant does dispute this Court's subject matter jurisdiction.

3. <u>Legal Issues:</u>

The Parties identify the following legal issues underlying the claims and defenses asserted in this action:

- Whether this case can be certified as a class action;
- Did LoanStream make telemarketing calls to numbers listed on the National Do Not Call Registry?
- Did LoanStream have consent to make such calls?

- Is there evidence that LoanStream ever violated the Telephone Consumer Protection Act?
- Can Plaintiff attribute any of the conduct alleged in the complaint to LoanStream?

4. <u>Damages:</u>

The Plaintiff is seeking statutory damages between $500 and $1,500 under the TCPA on behalf of herself and the putative class. Defendant denies that Plaintiff incurred any damages.

5. <u>Parties, Evidence, etc.:</u>

<u>Parties/Witnesses:</u>

- Kimberly Hudson-Bryant, Plaintiff
- OCMBC, Inc. d/b/a LoanStream
- Cox, telephone provider for LoanStream

6. <u>Insurance:</u>

No information to report.

7. <u>Manual for Complex Litigation:</u>

The procedures of the Manual for Complex Litigation should be utilized for this case.

8. <u>Motions:</u>

The Plaintiff will file a motion for class certification after she has received sufficient information regarding LoanStream's calling conduct. LoanStream will oppose Plaintiff's motion for class certification.

LoanStream intends to file a motion for summary judgment. Plaintiff will oppose.

9. <u>Dispositive Motions:</u>

LoanStream intends file a motion for summary judgment on the basis that none of Defendant's representatives ever contacted Plaintiff, no person by the name of "Karisha" worked for Defendant in October of 2021, and Defendant has never controlled, managed, or operated a phone number with the Caller ID 213-521-2618. Plaintiff will oppose.

10. <u>Status of Discovery:</u>

Pursuant to this Court's Civil Standing Order for putative class actions, discovery has commenced and is in the early stages. Plaintiff states that discovery may be delayed because tracing the source of the calls requires the service of subpoenas to multiple third-party vendors and resellers and tracing the calls up the chain of the telephone system. Although Plaintiff has endeavoured to trace the source of the calls expeditiously and has already received one subpoena response back, identifying the source of the calls will require some time.

11. <u>Discovery Plan:</u>

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The Plaintiff will seek discovery on the following subjects: (1) LoanStream's calling data regarding Plaintiff and the proposed class; (2) Defendant's policies and procedures regarding compliance with the TCPA; (3) Defendant's negligence or willfulness regarding any TCPA violations.

Defendant will seek discovery on at least the following subjects: (1) the facts and circumstances surrounding the phone call that is alleged in the complaint;  (2) all communications the Plaintiff had with LoanStream, if any (3) all communications

any purported members of the class had with LoanStream, if any (4) issues relevant to class certification, and (5) Plaintiff and the class members' damages, if any.

The parties do not believe that discovery will need to be conducted in phases or limited, that applicable limitations should be changed or other limitations imposed, or that the Court should enter other orders.

12. <u>Discovery Cut-off:</u>

The parties request until July 17, 2024 to conduct discovery.

13. <u>Expert Discovery:</u>

- Plaintiff's expert disclosure Deadline: July 3, 2024
- Defendant's expert disclosure Deadline: July 31, 2024
- Rebuttal expert disclosure Deadline: August 14, 2024
- Expert discovery deadline: August 16, 2024

14. <u>Settlement/Alternative Dispute Resolution (ADR):</u>

The parties certify that they have considered the potential benefits of settling the case before undertaking significant discovery or motion practice, and report that, at this time, settlement is unlikely. The parties do not request an early settlement conference. A Notice to Parties of Court Directed ADR Program (Form ADR08) has been filed in this matter. The Parties prefer private mediation.

15. <u>Trial Estimate:</u>

The parties agree that 5 days is sufficient. Each party believes it will call 3-5 witnesses. Plaintiff submits that the TCPA class action trial alleging similar violations that he has been a part of took 5 days to complete. Defendant believes 5 days will provide enough time to go through all the necessary witnesses and documentary evidence.

16. <u>Trial Counsel:</u>

Andrew Perrong for the Plaintiff.

Thomas F. Landers and Alec M. Rishwain of Solomon Ward Seidenwurm & Smith, LLP, for Defendant.

17. <u>Likelihood of Appearance of Additional Parties.</u>

There is a low likelihood of appearance of additional parties.

18. <u>Consent to Proceed Before Magistrate Judge:</u>

The Parties do not consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

19. <u>Independent Expert or Master:</u>

The Court should not consider appointing a master pursuant to Rule 53 or an independent scientific expert.

20. <u>Schedule Worksheet</u>

The Parties' Schedule of Pretrial and Trial Dates Worksheet is attached hereto.

21. <u>Class Actions</u>

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

- Plaintiff's Motion for Class Certification Deadline: August 23, 2024
- Opposition to Motion for Class Certification Deadline: September 23, 2024
- Reply Brief for Motion for Class Certification Deadline: October 7, 2024
- Hearing on Motion for Class Certification: October 29, 2024

22. <u>Other Issues:</u>

No other issues to report at this time.

[Signature page to follow]

Respectfully submitted,

Dated: April 11, 2024          PERRONG LAW LLC

                               By: */s/Andrew R. Perrong*

                               Andrew R. Perrong

                               Attorney for Plaintiff

DATED:  April 11, 2024            SOLOMON WARD SEIDENWURM &
                                  SMITH, LLP


                                  By:  */s/Thomas F. Landers*
                                       THOMAS F. LANDERS
                                       ALEC M. RISHAWIN
                                       Attorneys for Defendant,
                                       OCMBC, INC., dba LOANSTREAM
                                       MORTGAGE

**ATTESTATION OF SIGNATURE**

Pursuant to Central District Electronic Local L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to Thomas F. Landers, counsel for Defendant, and I obtained his authorization to affix their electronic signatures to this document.

                                       */s/ Andrew R. Perrong*
                                       Andrew R. Perrong

P:01711604.3:66075.002                - 7 -
JOINT RULE 26(F) REPORT

*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*