1  dana@danaoliverlaw.com
   OLIVER LAW CENTER, INC.
2  8780 19th Street #559
3  Rancho Cucamonga, CA 91701
   Telephone:  (855)384-3262
4  Facsimile:  (888)570-2021
5  Attorney for Plaintiff and Putative Class

6
   [Additional counsel appear on signature
7  page]

8
   *Attorney for Plaintiff and the Proposed*
9  *Class*

10

11
                    **UNITED STATES DISTRICT COURT**
12              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13
   KIMBERLY HUDSON-BRYANT,          Case No. 8:24-cv-67-FWS-
14 individually and on behalf of all others   JDE
   similarly situated,
15
                                    **JOINT MOTION FOR**
16          *Plaintiff,*            **EXTENSION OF TIME OF**
                                    **CERTAIN DISCOVERY**
17 v.                               **DEADLINES**

18

19 OCMBC, INC. D/B/A
   LOANSTREAM,
20

21          *Defendant*

22

23        In this case, the Plaintiff has alleged that that OCMBC, Inc. d/b/a LoanStream

24 ("LoanStream") made telemarketing calls to numbers on the National Do Not Call

25 Registry violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227

26 ("TCPA"), including her own. Due to the alleged *en masse* nature of the calling, the

27

28 P:01738191.1:66075.002                  - 1 -
   JOINT MOTION FOR EXTENSION OF CERTAIN DISCOVERY DEADLINES

                   *Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

1   Plaintiff has filed this matter as a putative class action on behalf of the following

2   class of individuals:

3           **Telephone Consumer Protection Act Do Not Call Registry Class:**
        All persons in the United States whose (1) telephone numbers were on
4       the National Do Not Call Registry for at least 31 days, (2) but who
        received more than one telemarketing calls from or on behalf of
5       Defendant (3) within a 12-month period (4) from the four years prior to
        the filing of the complaint through the date of trial.
6

7   However, Loanstream has denied contacting the Plaintiff or any putative class

8   members. Plaintiff issued discovery to Loanstream on March 12, 2024, the first

9   date he was allowed to, and the parties promptly met and conferred regarding said

10  discovery and Loanstream's contention that it neither made the alleged calls, nor

11  authorized anyone to do so on its behalf.  In the interests of judicial economy, the

12  parties agreed to focus their discovery efforts on third party discovery efforts,

13  specifically identifying what person or entity did make the telephone calls alleged

14  by Plaintiff.

15          On March 22, 2024, counsel for the Plaintiff issued a subpoena to Onvoy,

16  LLC, the entity that owned the telephone number that called the Plaintiff, (213)

17  521-2618. Onvoy provided a response that Contact Center Specialists, LLC was

18  the company that was using the telephone number at the time.

19          Also in March of 2024, the Plaintiff then issued a subpoena to Contact

20  Center Specialists, LLC to identify its customer using the telephone number at the

21  time of the call. On April 11, 2024, Contact Center Specialists, LLC objected to

22  the subpoena.

23          On April 17, 2024, Plaintiff and Contact Center Specialists conducted a meet

24  and confer, and on April 18, 2024, the subpoena response was provided. The

25  subpoena response identified Global Experts Limited as the entity utilizing the

26

27

28

account from Contact Center Specialists, with a business contact name of Liz Stone.

In April of 2024, the Plaintiff issued a subpoena to Elizabeth Stone related to any relationship she had with Loanstream or to the telephone number that made the calls at issue. After several service attempts, counsel for Ms. Stone contacted counsel for the Plaintiff on May 13, 2024 to request an extension of time to respond to the subpoena.

On June 7, 2024, Ms. Stone provided a response to the subpoena that objected to Plaintiff's requests but indicated that she had responsive documents, which she would produce upon the entry of a protective order. The parties had a protective order entered on June 18th and have provided that to Ms. Stone's counsel. The parties are currently awaiting the production of responsive documents. And once those responsive documents are received and evaluated, the Plaintiff will be in a better position to conduct further discovery and/or amend the complaint to add additional parties which may have been responsible for the conduct alleged.

As such, the parties believe that good cause has been established to extend the following case schedule deadlines by 90-days while they receive the subpoena response from Elizabeth Stone and evaluate any amended pleadings or further discovery that are necessary following that production:

| **Deadline** | **Current Date** | **New Proposed Date** |
|---|---|---|
| Last Date to Hear Motion to Amend Pleadings /Add Parties [Thursday] | 6/20/2024 | 9/19/2024 |
| Non-Expert Discovery Cut-Off | 7/17/2024 | 10/15/2024 |
| Expert Disclosure (Initial) | 7/31/2024 | 10/29/2024 |

| | | |
|---|---|---|
| Expert Disclosure (Rebuttal) | 8/14/2024 | 11/12/2024 |
| Expert Discovery Cut-Off | 8/16/2024 | 11/14/2024 |
| Last Date to Hear Motions [Thursday] | 10/10/2024 | 1/9/2025 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10/24/2024 | 1/22/2025 |
| Trial Filings (first round) | 12/12/2024 | 3/12/2025 |
| Trial Filings (second round) | 12/19/2024 | 3/19/2025 |
| Final Pretrial Conference & Hearing on Motions in Limine [Thursday at 8:30 a.m., at least 12 days before trial] | 1/30/2025 | 5/1/2025 |
| Jury Trial (Tuesday 8:00 AM) | 2/11/2025 | 5/13/2025 |

Dated: June 20, 2024

PARONICH LAW, P.C.

By: /s/Anthony I. Paronich
Anthony I. Paronich

Attorney for Plaintiff


SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Thomas F. Landers
        Thomas F. Landers

Attorney for Defendant

P:01738191.1:66075.002                          - 4 -

JOINT MOTION FOR EXTENSION OF CERTAIN DISCOVERY DEADLINES

*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*