dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
Attorney for Plaintiff and Putative Class

*Attorney for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM,<br><br>*Defendant* | Case No. 8:24-cv-67-FWS-JDE<br><br>**MOTION TO AMEND COMPLAINT** |

Third-Party discovery in this matter has revealed that Defendant OCMBC, Inc. d/b/a LoanStream ("LoanStream") hired another company, Premier Financial Marketing LLC d/b/a Resmo Lending, and its owner Sean Roberts, to provide marketing services that resulted in the illegal calls complained of herein. As a result, the Plaintiff seeks leave of court, in accordance with the applicable scheduling deadlines, to amend her class action complaint to add as Defendants Premier

Financial Marketing LLC d/b/a Resmo Lending, and its owner Sean Roberts, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has taken discovery in this matter, including third party discovery on various telephone providers responsible for the calls at issue. Those efforts have uncovered a relationship between the current Defendant OCMBC, Inc. d/b/a LoanStream, and Premier Financial Marketing LLC d/b/a Resmo Lending, and its owner Sean Roberts, to sell leads and generate clients for Defendant. AS a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit A to add in these Defendants.

In sum, this motion is made pursuant to Fed. R. Civ. P. 15(a)(2) and is in the interest of judicial economy as Plaintiff is simply seeking to add additional defendants which are, by operation of law, liable for the misconduct alleged and which will jointly and severally be liable to any certified class for any relief the Court may grant.

What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert identical claims against Resmo and Roberts for their conduct in the TCPA violations alleged herein, which arise out of their marketing agreement for LoanStream. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

*First*, as explained above, there is no additional prejudice to the nonmoving party because the party is already liable, has participated in the proceedings thus far, and is a necessary, indispensable party. *Second*, the amendment is not done for undue delay, bad faith, or a dilatory motive. We are not on the eve of trial, and the deadline to move to amend pleadings has not yet passed. *Finally*, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's vicarious liability and personal liability frameworks.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add a party whom Defendant LoanStream indisputably hired to make illegal calls. Accordingly, this Court should grant leave to amend.

Dated: August 14, 2024

By: */s/ Anthony Paronich*
Anthony I. Paronich (admitted *pro hac vice*) (MA 678437)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorney for Plaintiff and the Proposed Class*