1  THOMAS F. LANDERS [SBN 207335]
   tlanders@swsslaw.com
2  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
3  San Diego, California 92101
   (t) 619.231.0303
4  (f) 619.231.4755

5  Attorneys for Defendant,
   OCMBC, INC., dba LOANSTREAM
6  MORTGAGE

7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| 10 KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCMBC, INC., dba LOANSTREAM,<br><br>Defendant. | Case No. 8:24-cv-00067-FWS-JDE<br><br>**DEFENDANT OCMBC, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date:       September 19, 2024<br>Time:       10:00 a.m.<br>Judge:      Hon. Fred W. Slaughter<br>Courtroom:  10D<br><br>Magistrate Judge: John D. Early |

P:01756728.1:66075.002                      -1-                      Case No. 8:24-cv-00067-FWS-JDE
DEFENDANT OCMBC, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant OCMBC, Inc. dba LoanStream Mortgage ("Defendant") responds to Plaintiff Kimberly Hudson-Bryant's ("Plaintiff) Motion to Amend Complaint ("Motion") as follows:

## I. INTRODUCTION

This Motion is the unfortunate result of Plaintiff's *pro hac vice* counsel ignoring Local Rule 7-3, the lack of any meaningful meet and confer effort, and the refusal to take "yes" for an answer. Ultimately, Defendant does not oppose the relief Plaintiff seeks, but Defendant does object to the manner in which Plaintiff's counsel has proceeded, including the refusal to resolve this issue through an offered stipulation.

## II. FACTS RELEVANT TO THIS MOTION[1]

Local Rule 7-3 required counsel to conduct a meaningful conference at least seven days prior to filing this Motion, and then to include a statement in the moving papers when the conference occurred. As shown below, Plaintiff's *pro hac vice* counsel failed to conduct the required conference and accordingly failed to include the required certification in this Motion. Plaintiff's counsel filed this Motion before it was due, before the seven-day period had elapsed, and without waiting to hear from Defendant whether it would stipulate to the relief sought, which Defendant was willing to do. The Court has discretion to deny this Motion.

Pursuant to the Court's modified scheduling order, the last date to hear a motion to amend pleadings/add parties was set for September 19, 2024,  Based on that hearing date, which coincidently is the date Plaintiff's counsel scheduled the hearing on the Motion, the deadline to file a motion for leave to amend the complaint was August 22, 2024. [ECF No. 28]. Plaintiff filed this Motion on August 14, 2024, more than a week before the deadline.

---

[1] This statement of facts is supported by the accompanying declaration of Thomas F. Landers, counsel for Defendant, and the email correspondence attached thereto.

- ➢ Plaintiff first raised the issue of filing a first amended complaint ("FAC") via e-mail to Defendant's counsel on Wednesday, August 7, 2024, at 12:48 p.m. Plaintiff's initial e-mail attached a copy of the proposed FAC, but it did not include any red lines to aid in review.[2]

- ➢ On Thursday August 8, 2024, Defendant's counsel emailed a request for a red line version to facilitate review of the proposed new and changed allegations. Plaintiff's counsel provided a red line version of the FAC via e-mail on Thursday, August 8, 2024, at 5:45 p.m. Defendant's counsel promptly informed Defendant's management team of Plaintiff's request for a stipulation for leave to file the FAC.

- ➢ On Wednesday, August 14, 2024, at 9:54 a.m., less than seven days after Plaintiff provided the red line version of the FAC, Plaintiff's counsel emailed asking whether Defendant would stipulate. Defendant's counsel promptly responded, indicating he had sent the proposed FAC to Defendant's management team and "I do not yet know if my client will be willing to stipulate to such an incendiary filing."[3] But, Defendant's counsel did not refuse to stipulate, and made it clear that he was still consulting with Defendant.
  - Despite this, *in under an hour,* Plaintiff's counsel filed this Motion, on Wednesday, August 14, 2024 at 10:41 a.m. – less than seven days after both

---

[2] Incidentally, August 7, 2024 was defense counsel's 20th wedding anniversary, and he did not work the full day.

[3] Plaintiff's original complaint alleged that Defendant *itself* engaged in an unlawful telemarketing campaign. Plaintiff's discovery has revealed that if any unlawful telemarketing campaign was conducted, it was conducted by third parties, some of whom Plaintiff seeks to add to this lawsuit. Plaintiff's new allegations include that Defendant hired the third parties to conduct an unlawful telemarketing campaign, which is false and unsupported by the third party discovery results. Defendant considers the new allegations against it incendiary.

  Plaintiff's initial email (by a few hours) and Plaintiff's provision of the red line version of the FAC.[4] It does not appear Plaintiff submitted a red lined version of the FAC to the Court as required by the Civil Standing Order, paragraph IX(b).

- Plaintiff's counsel did not ask Defendant's counsel when he expected to receive a decision from Defendant, nor did Plaintiff's counsel indicate there were any time pressures in getting a motion for leave to amend filed, should one be necessary. The deadline to file a motion for leave to amend was more than a week later on August 22, 2024. These are issues that would have been raised in any meaningful meet and confer effort.

➢ On Friday, August 16, 2024, Defendant's counsel advised Plaintiff's counsel that Defendant would stipulate to the filing of the FAC and asked Plaintiff's counsel to forward an appropriate stipulation. Plaintiff s counsel ignored this email.

➢ A week later on August 23, 2024, Defendant's counsel again reached out to Plaintiff's counsel requesting an appropriate stipulation.

- This time, Plaintiff's counsel responded, refusing to provide a stipulation and insisting on going forward with this Motion. In this email thread, Defendant's counsel suggested Plaintiff's counsel rethink that position because he had not followed the local rules in filing the Motion, but more importantly, the Court would appreciate and expect the parties to resolve the issue via stipulation.

- Plaintiff's counsel still refused. Plaintiff's counsel argued that proceeding via Motion versus stipulation was somehow necessitated by the timing of Defendant's discovery responses. This, of course, is non sequitur: the timing

---

[4] Red line version of the FAC provided on Thursday, August 8, 2024 at 5:45 p.m.; This motion filed on Wednesday, August 14, 2024 at 10:41 a.m.

of Defendant's discovery responses have nothing to do with the timing of Plaintiff's motion for leave to file amended complaint or Plaintiff's ability to resolve the issue via stipulation. Further, Defendant provided its discovery responses a week prior, Friday, August 16, 2024 – the same day Defense counsel advised Defendant was willing to stipulate to the filing of the FAC. This is a red herring.

- Plaintiff's counsel's stated position is that Defendant should file a notice of non-opposition to this Motion.

With the above context provided, Defendant reiterates it was willing to stipulate to the relief sought in this Motion. But Plaintiff's counsel chose to litigate, and Defendant believes that the Court should understand the circumstances under which this unnecessary Motion was brought to the Court's attention, as well as the fact that Plaintiff's counsel steadfastly refused to accept the offer to resolve this issue via stipulation.

## III. LEGAL AUTHORITY

Local Rule 7-3, titled "Conference of Counsel Prior to Filing of Motions," requires,

> "in all cases not listed as exempt in L. R. 16-12, . . . counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least seven days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L. R. 7-3 which took place on (date).'"

This mandatory statement does not appear anywhere in the Motion.

Additionally, Local Rule 7-4 provides, "the Court may decline to consider a motion unless it meets the requirements of L. R. 7-3 through 7-8." To be granted *pro hac vice* admission, counsel must certify that they are familiar with the court's local

///

///

civil rules. *See* e.g., Local Rule 83-2.1.3.3(a)(1). In this case, Plaintiff's *pro hac vice* counsel did certify, "I am familiar the Court's local civil and criminal rules . . ." [ECF No. 09]

For reasons that remain unclear to Defendant's counsel, Plaintiff's counsel failed to comply with Local Rule 7-3—both its conference requirement and certification requirement—and then refused to resolve the matter via stipulation. The sum total of Plaintiff's counsel's meet and confer effort <u>before</u> filing this Motion was an email that stated, in relevant part: "Finally, a proposed Amended Complaint is attached. Please advise if your client will stipulate to it's filing, as it adds another defendant." When Defendant's counsel advised that the request had been sent to Defendant's management team, and counsel did not yet know whether Defendant would stipulate, Plaintiff filed this Motion *less than an hour later*, without waiting to hear whether Defendant would agree. Defendant did agree to stipulate, but Plaintiff insisted on proceeding with this Motion.

Plaintiff's refusal to properly meet and confer is also disconcerting because the allegations in the FAC as to Defendant are disingenuous, not supported by the results of Plaintiff's third-party discovery and do not include any conditional language, such as "on information and belief" or that suggested by Fed. Rule of Civ. Pro. 11(b)(3). Had Plaintiff conducted a proper conference before filing this Motion, these issues could have been addressed. Additionally, Defendant provided Plaintiff evidence that the telephone number alleged in the complaint is not associated with Defendant, which Plaintiff's third-party discovery confirmed. Plaintiff's third-party discovery did not reveal that Defendant authorized a third-party to conduct a telemarketing campaign, and Defendant's discovery responses stated under oath: "[Defendant] does not make telemarketing or solicitation telephone calls and did not contact plaintiff, nor did [Defendant] contract with any vendor to make such calls and contact plaintiff…."

/ / /

Local rule 7-4 is clear that counsel's conduct is grounds for denying this Motion.

## IV. CONCLUSION

The Court's local rules govern litigation in this district. Plaintiff's counsel did not comply with Local Rule 7-3 and refused an offer of stipulation, despite being warned of the failure to comply. Defendant does not oppose the relief sought, but does believe the local rules should be followed and enforced.

DATED: August 29, 2024        SOLOMON WARD SEIDENWURM & SMITH, LLP

By: */s/ Thomas F. Landers*
THOMAS F. LANDERS
Attorneys for Defendant,
OCMBC, INC., dba LOANSTREAM MORTGAGE

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2024, I electronically filed the foregoing **DEFENDANT OCMBC, INC.'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Dana Oliver<br>OLIVER LAW CENTER, INC.<br>dana@danaoliverlaw.com | Counsel for Plaintiff |
| Anthony I. Paronich<br>PARONICH LAW PC<br>anthony@paronichlaw.com | Pro Hac Vice Counsel for Plaintiff |
| Andrew R Perrong<br>PERRONG LAW LLC<br>a@perronglaw.com | Pro Hac Vice Counsel for Plaintiff |

                                            */s/ Woody Doolittle*
                                            Woody Doolittle