UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00067-FWS-JDE                                         Date: September 10, 2024
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:               Attorneys Present for Defendants:

Not Present                                                    Not Present

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [33]**

In this case, Plaintiff Kimberly Hudson-Bryant ("Plaintiff") alleges Defendant OCMBC, Inc. doing business as LoanStream ("Defendant") violated the Telephone Consumer Protection Act. (*See generally* Dkt. 1 (Complaint).) Before the court is Plaintiff's Motion to Amend Complaint, in which Plaintiff seeks leave to amend the Complaint to add two new defendants: Premier Financial Marketing LLC, doing business as Resmo Lending, and the owner of that entity, Sean Roberts. (Dkt. 33 ("Motion").) "Defendant does not oppose the relief Plaintiff seeks, but Defendant does object to the manner in which Plaintiff's counsel has proceeded, including the refusal to resolve this issue through an offered stipulation" and "the lack of any meaningful meet and confer effort." (Dkt. 35 ("Statement of Non-Opposition" or "Non-Opp.").) Plaintiff did not file any Reply in Support of the Motion. (*See generally* Dkt.) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for September 19, 2024, is **VACATED** and off calendar. Based on the record, as applied to the applicable law, the Motion is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00067-FWS-JDEDate: September 10, 2024
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

## I. Local Rule 7-3

As a preliminary matter, the court must address Defendant's description of Plaintiff's meet-and-confer efforts. (*See* Non-Opp. at 2-5.) In summary,

> Plaintiff's counsel failed to comply with Local Rule 7-3—both its conference requirement and certification requirement—and then refused to resolve the matter via stipulation. The sum total of Plaintiff's counsel's meet and confer effort before filing this Motion was an email that stated, in relevant part: "Finally, a proposed Amended Complaint is attached. Please advise if your client will stipulate to it's filing, as it adds another defendant." When Defendant's counsel advised that the request had been sent to Defendant's management team, and counsel did not yet know whether Defendant would stipulate, Plaintiff filed this Motion *less than an hour later*, without waiting to hear whether Defendant would agree. Defendant did agree to stipulate, but Plaintiff insisted on proceeding with this Motion.

(Non-Opp. at 6.) As noted, Plaintiff filed no Reply to this description of the meet-and-confer efforts. (*See generally* Dkt.)

Central District of California Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement" indicating compliance with the rule and the date of the required conference. *Id.*

2

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00067-FWS-JDE                                             Date: September 10, 2024
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

     Here, the court is extremely disappointed to find that Plaintiff's counsel failed to follow Local Rule 7-3. Indeed, "[c]ompliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date. This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules."); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.").

     Unfortunately, however, the court further finds that the damage to the "just, speedy, and inexpensive determination of [this] action" caused by Plaintiff's failure to meet and confer has already been done, and that taking additional action regarding Plaintiff's failure to comply with Local Rule 7-3—including by holding a hearing on this matter or issuing an order to show cause regarding sanctions—would only cause delay and increased expense at this stage of the proceedings. Fed. R. Civ. P. 1. Indeed, the court notes that Defendant does not request that the court deny Plaintiff's motion or take any other action based on Plaintiff's counsel's flaunting of the Local Rules. (*See generally* Non-Opp.) Therefore, at this time, the court only expresses its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00067-FWS-JDE                                          Date: September 10, 2024
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

severe disappointment with Plaintiff's counsel's blatant disregard for the Local Rules, and admonishes that further failure to comply with the Local Rules—or this court's rules[1]—will not be tolerated and may result in sanctions.

## II. The Motion

Turning to the substance of the Motion, the court finds granting leave to amend is appropriate. Federal Rule of Civil Procedure 15 provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be '*freely given*.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (emphasis added). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051. Absent prejudice, or a strong showing on the other factors, there is a presumption in favor of granting leave to amend. *Id.* at 1052.

"Here, there appears no compelling reason to stray from the Ninth Circuit's policy in favor of granting leave to amend." *Kingsley Mgmt. Corp. v. City of Santa Ana*, 2024 WL 3075230, at *1 (C.D. Cal. Mar. 11, 2024). The court observes that this case is "in the very early stages." *Id.* The court also finds that there are no indications Plaintiff acted with bad faith or

---

[1] The court notes that Plaintiff also failed to comply with the court's Civil Standing Order in relation to the Motion. (Dkt. 10.) That Order requires motions for leave to amend to include, among other things, "a 'Notice of Lodging' attaching . . . a 'redlined' version of the proposed amended pleading identifying all additions and deletions of material as an appendix to the moving papers." (*Id.* ¶ IX.b.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00067-FWS-JDE  Date: September 10, 2024
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

dilatory motive, and notes that Defendant does not argue that Plaintiff did.  (*See generally* Non-Opp.); *see also Kingsley Mgmt. Corp.*, 2024 WL 3075230, at *1 (noting in granting leave to amend that the defendant "d[id] not argue Plaintiffs have acted with bad faith or dilatory motive").  The Statement of Non-Opposition further indicates that Defendant will not suffer undue prejudice if Plaintiff is permitted to file an amended complaint.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."); *Prejudice See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1094 (S.D. Cal. 2002) ("Where a party opposes a motion for leave to amend on the basis of undue prejudice, the showing of prejudice must be substantial.").  And although Defendant identifies concerns regarding the substance of the proposed amended complaint, the court finds there is no indication that amendment would be futile.  (*See* Non-Opp. at 6 ("Plaintiff's refusal to properly meet and confer is also disconcerting because the allegations in the FAC as to Defendant are disingenuous, not supported by the results of Plaintiff's third-party discovery and do not include any conditional language, such as 'on information and belief' or that suggested by Fed. Rule of Civ. Pro. 11(b)(3).").)

In summary, the court finds no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment sufficient to justify denial of leave to amend, which is to be "freely give[n]."  Fed. R. Civ. P. 15(a)(2); *Eminence Capital*, 316 F.3d at 1052.  Accordingly, the Motion is **GRANTED**.

### III. Disposition

For the reasons stated above, the court **GRANTS** the Motion.  The hearing on the Motion set for September 19, 2024, is **VACATED** and off calendar.  Plaintiff shall file the proposed First Amended Complaint (Dkt. 33-1) as a new and separate entry on the docket by **September 13, 2024**.

Initials of Deputy Clerk:  mku