1  dana@danaoliverlaw.com
   OLIVER LAW CENTER, INC.
2  8780 19th Street #559
3  Rancho Cucamonga, CA 91701
   Telephone: (855)384-3262
4  Facsimile: (888)570-2021
5
6  Attorney for Plaintiff and Putative Class

7  THOMAS F. LANDERS [SBN 207335]
   tlanders@swsslaw.com
8  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
9  San Diego, California 92101
   (t) 619.231.0303
10 (f) 619.231.4755

11 Attorneys for Defendant,
   OCMBC, INC., dba LOANSTREAM
12 MORTGAGE

13

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS<br><br>*Defendants* | Case No. 8:24-cv-67-FWS-JDE<br><br>**JOINT MOTION AND STIPULATION TO VACATE SCHEDULING ORDER** |

|   |   |
|---|---|
| 1 | Pursuant to Local Rule 16-14 and FED. R. CIV. P. 16(b)(4), Plaintiff Kimberly Hudson-Bryant and Defendant OCMBC, Inc. d/b/a LoanStream submit this Joint Motion and Stipulation requesting that the Court vacate the most recent scheduling order entered in this case. (ECF No. 28). Although the Court stated that it was "disinclined to grant additional requests for continuances," it also stated that it may do so upon making a "strong showing" under Rule 16(b) and applicable precedent. |

Pursuant to Local Rule 16-14 and FED. R. CIV. P. 16(b)(4), Plaintiff Kimberly Hudson-Bryant and Defendant OCMBC, Inc. d/b/a LoanStream submit this Joint Motion and Stipulation requesting that the Court vacate the most recent scheduling order entered in this case. (ECF No. 28). Although the Court stated that it was "disinclined to grant additional requests for continuances," it also stated that it may do so upon making a "strong showing" under Rule 16(b) and applicable precedent.

The Parties respectfully request that the Court vacate its scheduling order for the primary reason that an Amended Complaint was recently filed in this matter to assert additional claims against new defendants, Premier Financial Marketing LLC and Sean Roberts. These Defendants were served with the Amended Complaint on September 21, 2024. (ECF No. 39). Accordingly, as new claims have been asserted against the new Defendants, good cause exists to vacate the Court's current scheduling order and enter a new scheduling order once these defendant's appear and the nature of their defenses to the action is better ascertained.

As this Court noted, Rule 16(b)(4) provides that a schedule may be modified only for "good cause and with the judge's consent." In interpreting the "good cause" standard, the District Court looks to the diligence of the parties and evaluates this diligence to determine if the current scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Diligence is met here because the Plaintiff diligently filed for an Amended Complaint before the cutoff of September 19, 2024. In *DCD Programs, Ltd. v. Leighton*, for example, the Ninth Circuit held that there was good cause when the plaintiff amended its complaint as soon as it had "sufficient evidence of conduct upon which they could base claims of wrongful conduct" and there was no evidence that the Plaintiff harbored a wrongful motive or any cause to uphold the denial of an amendment on the basis of bad faith. 833 F.2d 183, 187 (9th Cir. 1987). So too here, where the Plaintiff filed an amended complaint to assert additional claims against

1  Roberts and Resmo as soon as their alleged participation in the alleged calling
2  conduct at issue was uncovered through third-party subpoena practice.

3  And, unlike in *Johnson*, the parties here seek to vacate the current scheduling
4  order and extend it in light of the timely amendment and before the discovery cutoff,
5  not months after an amendment. *Johnson*, 975 F.2d at 608. The Roberts and Resmo
6  defendants are currently obligated to file their responsive pleading on October 12,
7  2024, which is a Saturday, rendering their deadline October 14, 2024, just one day
8  prior to the cutoff of non-expert discovery. Accordingly, the current scheduling
9  deadlines cannot reasonably be met.

10  The history of this case demonstrates the parties' diligence. Plaintiff's
11  original complaint filed on January 11, 2024 alleged Defendant LoanStream itself
12  conducted the alleged call campaign. LoanStream specifically denied that allegation,
13  and the parties, through counsel, promptly met and conferred. Plaintiff contends she
14  received the allegedly unlawful telephone call from telephone number (213) 521-
15  2618. LoanStream denies any association with that telephone number. Accordingly,
16  Plaintiff engaged in third party discovery to determine what person or entity is
17  associated with that telephone number. Plaintiff had to issue multiple subpoenas to
18  eventually find an entity with responsive documents. Ultimately, Plaintiff obtained
19  documents that Plaintiff contends demonstrate Resmo and Roberts allegedly
20  engaged in an unlawful calling campaign. Plaintiff filed her motion for leave to file
21  a first amended complaint, which this court granted on September 10, 2024. In the
22  first amended complaint, Plaintiff added Resmo and Roberts as new parties to this
23  litigation, and asserted that they conducted the allegedly unlawful call campaign on
24  behalf of LoanStream with the knowledge and approval of LoanStream. LoanStream
25  denies these allegations.

26  Accordingly, Plaintiff believes and therefore avers that the classwide calling
27  records, as well as records into the nature of the alleged relationship between Resmo
28  and Roberts and LoanStream, if any, are currently and most easily within the

possession of Resmo and Roberts. Additionally, given that this is a putative class action, extension of the related expert deadlines is also justified because such experts have not yet reviewed the classwide calling records, which are yet to be produced. Plaintiff believes there exists additional evidence in the form of calling records and records relating to the alleged relationship between LoanStream, Resmo, and Roberts, if any, that will be uncovered through additional discovery and an extension of the corresponding deadlines. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (holding that good cause was not met when party pointed to no additional evidence that would have been offered with the granting of more time).

Accordingly, pursuant to L.R. 7-3 and Section VIII of the Court's Civil Standing Order, the Parties jointly stipulate and request that the Court vacate the current scheduling order, set a new scheduling conference to be conducted the new defendants have appeared, and enter the accompanying proposed order attached hereto as **Exhibit 1**.

DATED: October 4, 2024    PARONICH LAW, P.C.

By:    /s/ Anthony I. Paronich
ANTHONY I. PARONICH
Attorneys for Plaintiff,
KIMBERLY HUDSON-BRYANT and the PROPOSED CLASS

DATED: October 4, 2024    SOLOMON WARD SEIDENWURM & SMITH, LLP

By:    /s/ Thomas F. Landers
THOMAS F. LANDERS
Attorneys for Defendant,
OCMBC, INC., dba LOANSTREAM MORTGAGE

## **ATTESTATION OF SIGNATURE**

Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Thomas F. Landers, counsel for Defendant OCMBC, Inc., dba LoanStream Mortgage, and I obtained his authorization to affix his electronic signature to this document.

　　　　　　　　　　　　　　　　　　　　*/s/ Anthony I. Paronich*
　　　　　　　　　　　　　　　　　　　　Anthony I. Paronich

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2024, I electronically filed the foregoing **JOINT MOTION TO VACATE SCHEDULING ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas F. Landers<br>tlanders@swsslaw.com<br>SOLOMON WARD<br>SEIDENWURM & SMITH, LLP<br>401 B Street, Suite 1200<br>San Diego, California 92101<br>(t) 619.231.0303<br>(f) 619.231.4755 | Attorneys for Defendant,<br>OCMBC, INC., dba<br>LOANSTREAM MORTGAGE |

                                       */s/ Anthony I. Paronich*
                                       Anthony I. Paronich