| | |
|---|---|
| 1 | THOMAS F. LANDERS [SBN 207335] |
| | tlanders@swsslaw.com |
| 2 | ADAM R. SCOTT [SBN 333706] |
| | ascott@swsslaw.com |
| 3 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
| | 401 B Street, Suite 1200 |
| 4 | San Diego, California 92101 |
| | (t) 619.231.0303 |
| 5 | (f) 619.231.4755 |
| 6 | Attorneys for Defendant, |
| | OCMBC, INC. dba LOANSTREAM |
| 7 | MORTGAGE |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated, | Case No. 8:24-cv-67-FWS-JDE |
| | **OCMBC, INC.'S RESPONSE TO KIMBERLY HUDSON-BRYANT'S FIRST AMENDED CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | Judge: Hon. Fred W. Slaughter |
| OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS, | Magistrate Judge: Hon. John D. Early |
| | Action Filed: September 10, 2024 |
| | Trial Date: Not Set |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant OCMBC, INC. D/B/A LOANSTREAM ("Defendant"), on behalf of itself and no others, hereby submits the following Answer to the First Amended Complaint ("FAC") filed in this action by Plaintiff KIMBERLY HUDSON-BRYANT ("Plaintiff"):

## NATURE OF ACTION

1. Paragraph 1 of the FAC contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

2. Paragraph 2 of the FAC contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

## PARTIES

3. Defendant admits that Plaintiff is a natural person but, lacks sufficient information or belief to admit or deny whether Plaintiff currently resides in Texas and, on that basis, denies such allegations.

4. Defendant admits that it is a limited liability company located in California. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 5 and on that basis denies said allegations.

6. Defendant denies hiring Sean Roberts to make telemarketing calls. Defendant lacks sufficient information and belief to admit or deny the remaining allegations of Paragraph 6 and on that basis denies said allegations.

## JURISDICTION AND VENUE

7. Paragraph 7 of the complaint contains a legal conclusion to which no response is required.

8. Paragraph 8 of the FAC contains a legal conclusion to which no response is required.

/ / /

9. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 9 and on that basis denies said allegations.

### TCPA BACKGROUND

10. Paragraph 10 of the FAC contains conclusions of law and legal arguments to which no response is required..

11. Paragraph 11 of the FAC contains conclusions of law and legal arguments to which no response is required..

12. Paragraph 12 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

### FACTUAL ALLEGATIONS

13. Defendant admits it is a "person" as defined in Paragraph 13.

14. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 14 and on that basis denies said allegations.

15. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 15 and on that basis denies said allegations.

16. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 16 and on that basis denies said allegations.

17. Defendant denies the allegations of paragraph 17.

18. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 18 and on that basis denies said allegations.

19. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 19 and on that basis denies said allegations.

20. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 20 and on that basis denies said allegations.

21. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 21 and on that basis denies said allegations.

/ / /

22. Defendant lacks sufficient information and belief to admit or deny the allegations of paragraph 22 and on that basis denies said allegations.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies receiving any email from Plaintiff.

25. Paragraph 25 of the complaint contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies said allegation.

26. Paragraph 26 of the FAC contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant lacks sufficient information and belief and on that basis denies said allegation.

27. Defendant denies the allegations of paragraph 27.

28. Paragraph 28 of the FAC contains a legal conclusion to which no response is required. To the extent the paragraph contains a factual allegation, Defendant denies said allegation.

29. Paragraph 29 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

30. Paragraph 30 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

31. Paragraph 31 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

32. Defendant denies allegations in Paragraph 32.

33. Defendant denies allegations in Paragraph 33.

34. Defendant denies allegations in Paragraph 34.

| | | |
|---|---|---|
| 1 | 35. | Defendant denies allegations in Paragraph 35. |
| 2 | 36. | Defendant denies allegations in Paragraph 36. |
| 3 | 37. | Defendant denies allegations in Paragraph 37. |
| 4 | 38. | Defendant denies allegations in Paragraph 38. |
| 5 | 39. | Defendant denies allegations in Paragraph 39. |

40. Defendant denies hiring Resmo and Roberts to make the phone calls alleged.

41. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

42. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

43. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

44. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

45. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

46. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

47. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

48. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

49. Defendant denies allegations in Paragraph 49.

50. Paragraph 50 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

/ / /

P:01762283.5:66075.002   -5-   Case No. 8:24-cv-67-FWS-JDE
OCMBC, INC.'S RESPONSE TO KIMBERLY HUDSON-BRYANT'S
FIRST AMENDED CLASS ACTION COMPLAINT

51. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

52. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

53. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

54. Defendant denies hiring Resmo and Roberts to make the phone calls alleged..

55. Paragraph 55 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant lacks sufficient information and belief and on that basis denies them.

56. Defendant denies allegations in Paragraph 56.

## CLASS ACTION ALLEGATIONS

57. Paragraph 57 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

58. Paragraph 58 of the FAC contains legal conclusions to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them

59. Paragraph 59 of the FAC contains a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies said allegations.

### Numerosity

60. Paragraph 60 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

/ / /

61. Paragraph 61 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

62. Paragraph 62 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

63. Paragraph 63 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

64. Paragraph 64 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

### Commonality

65. Paragraph 65 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

66. Paragraph 66 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

### Typicality

67. Paragraph 67 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

### Adequacy Representation

68. Paragraph 68 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant lacks sufficient information and belief and on that basis denies them.

69. Paragraph 69 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant lacks sufficient information and belief and on that basis denies them.

**Superiority**

70. Paragraph 70 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

71. Paragraph 71 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

72. Paragraph 72 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

73. Paragraph 73 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

74. Paragraph 74 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

75. Paragraph 75 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

/ / /

/ / /

/ / /

/ / /

/ / /

# COUNT I

## Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

76. Defendant incorporates by reference its responses contained in paragraphs 1 through 75.

77. Defendant denies allegations in Paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies allegations in paragraph 79.

80. Paragraph 80 of the FAC contains conclusions of law and legal arguments to which no response is required. To the extent the paragraph contains factual allegations, Defendant denies them.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the First Amended Complaint, and without assuming or shifting any burden of proof required for Plaintiff to establish her claims, Defendant alleges on information and belief as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The allegations of the FAC fail to state a claim against Defendant upon which relief can be granted because, without limitation, the Plaintiff does not provide sufficient facts to state a claim for relief that is plausible on its face.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The purported claims set forth in the FAC are barred in whole or in part by the applicable statute of limitations.

/ / /

/ / /

/ / /

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

3. The purported claims set forth in the FAC are barred in whole or in part by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Absence of Standing)**

4. Plaintiff's claims are barred to the extent she has no standing to pursue the claims alleged.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

5. Defendant contends that it is not liable for the claims alleged in the FAC, as none of Defendant's representatives ever contacted Plaintiff, no person by the name of "Karisha" worked for Defendant in October of 2021, and Defendant has never controlled, managed, or operated a phone number with the Caller ID 213-521-2618. Defendant is a business-to-business company that does not operate call centers or make solicitation calls. Defendant did not hire Sean Roberts or Resmo Lending to conduct the calls alleged. To the extent the Court finds Defendant committed the acts and/or conduct alleged in the Compliant, Plaintiff's acts, conduct and/or statements constituted consent to the alleged acts and/or conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(Conduct of Others)**

6. Plaintiff's damages, if any, were caused by the actions or inactions of others over whom this answering Defendant had no control.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

7. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled

/ / /

to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.  Defendant alleges on information and belief that the FAC, including each and every cause of action alleged therein, is barred under the equitable doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.  Defendant alleges on information and belief that Plaintiff has engaged in conduct and activities by reason of which they are estopped to assert any claim against Defendant.

### TENTH AFFIRMATIVE DEFENSE

### (Business Justification and Privilege)

10. Defendant contends that it is not liable for the claims alleged in the FAC, as none of Defendant's representatives ever contacted Plaintiff, no person by the name of "Karisha" worked for Defendant in October of 2021, and Defendant has never controlled, managed, or operated a phone number with the Caller ID 213-521-2618. Defendant is a business-to-business company that does not operate call centers or make solicitation calls. Defendant did not hire Sean Roberts or Resmo Lending to conduct the calls alleged.  To the extent the Court finds Defendant committed the acts and/or conduct alleged in the Compliant. Defendant's actions, if any, were undertaken in good faith, without malice, and in accordance Defendant's legal rights, in order to further and protect the legitimate business interests of Defendant and was thus justified and privileged.  Therefore, Plaintiff is barred from recovering any damages against Defendant.

/ / /

/ / /

1 **WHEREFORE**, Defendant OCMBC, Inc., d/b/a/ Loanstream Mortgage. requests judgment as follows:

  1. That Plaintiff takes nothing by her First Amended Complaint, which should be dismissed with prejudice;

  2. That Defendant recover from Plaintiff its costs according to proof;

  3. That Defendant recover its attorneys' fees according to proof; and

  4. That the Court order such other further reasonable relief as the Court may deem just and proper.

DATED: October 15, 2024

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: */s/ Thomas F. Landers*
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC,INC.
d/b/a LOANSTREAM MORTGAGE

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2024, I electronically filed the foregoing **OCMBC, INC.'S RESPONSE TO KIMBERLY HUDSON-BRYANT'S FIRST AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Dana Oliver<br>OLIVER LAW CENTER, INC.<br>dana@danaoliverlaw.com | Counsel for Plaintiff |
| Anthony I. Paronich<br>PARONICH LAW PC<br>anthony@paronichlaw.com | Pro Hac Vice Counsel for Plaintiff |
| Andrew R Perrong<br>PERRONG LAW LLC<br>a@parronglaw.com | Pro Hac Vice Counsel for Plaintiff |

I also certify the document and a copy of the Notice of Electronic Filing was served via U.S. Mail on the following non-CM/ECF participants:

| | |
|---|---|
| Sean Roberts<br>1812 Port Abbey Pl<br>Newport Beach, CA  92660 | Defendant in Pro Se |

                                        */s/ Woody Doolittle*
                                        Woody Doolittle