dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
Attorney for Plaintiff and Putative Class

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS<br><br>*Defendants.* | Case No. 8:24-cv-67-FWS-JDE<br><br>**REVISED JOINT RULE 26(f) REPORT** |

1. <u>Statement of the Case</u>

Plaintiff alleges that OCMBC, Inc. d/b/a LoanStream ("LoanStream" or "Defendant") made telemarketing calls to numbers on the National Do Not Call Registry violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including her own. Plaintiff alleges that this calling conduct was allegedly conducted as part of an alleged relationship between LoanStream, Sean Roberts, and Resmo. Due to the *en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of the following class of individuals:

> **Telephone Consumer Protection Act Do Not Call Registry Class:**
> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

Defendant LoanStream contends that it is not liable for the claims alleged in the Complaint, as none of Defendant's representatives ever contacted Plaintiff, no person by the name of "Karisha" worked for Defendant in October of 2021, and Defendant has never controlled, managed, or operated a phone number with the Caller ID 213-521-2618.  Defendant LoanStream does not operate call centers or make solicitation calls.  Further, Defendant LoanStream denies any responsibility for the alleged conduct of other parties or for the alleged telephone call campaign, if one exists.

Counsel for Plaintiff spoke to Mr. Roberts on numerous occasions with respect to a statement of the case. Mr. Roberts stated that he would likely have items to add but stated that he likely would not be able to provide them before the deadline. He has not provided the edits.

Defendant Resmo is in default and therefore there is no position to report as to Resmo.

2. <u>Subject Matter Jurisdiction:</u>

Plaintiff asserts a claim against LoanStream under the TCPA, which is a federal statute. Under 28 U.S.C. § 1331, she therefore has properly invoked this Court's subject matter jurisdiction over a federal question. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012). Defendants do dispute this Court's subject matter jurisdiction.

3. <u>Legal Issues:</u>

The Parties identify the following legal issues underlying the claims and defenses asserted in this action:

- Whether this case can be certified as a class action;
- Did LoanStream, either directly or through Roberts and Resmo, make telemarketing calls to numbers listed on the National Do Not Call Registry?
- Did LoanStream, either directly or through Roberts and Resmo, have consent to make such calls?
- Is there evidence that LoanStream, either directly or through Roberts and Resmo, ever violated the Telephone Consumer Protection Act?
- Can Plaintiff attribute any of the conduct alleged in the complaint to LoanStream, Roberts, or Resmo?

4. <u>Damages:</u>

The Plaintiff is seeking statutory damages between $500 and $1,500 under the TCPA on behalf of herself and the putative class. Defendants deny that Plaintiff incurred any damages.

5. <u>Parties, Evidence, etc.:</u>

Parties/Witnesses:

- Kimberly Hudson-Bryant, Plaintiff
- OCMBC, Inc. d/b/a LoanStream
- Cox, telephone provider for LoanStream
- Sean Roberts, Owner of Resmo
- Elizabeth Stone, owner of LizDev, Inc. and Global Experts, Limited.

6. Insurance:

No information to report.

7. Manual for Complex Litigation:

The procedures of the Manual for Complex Litigation should be utilized for this case.

8. Motions:

The Plaintiff will file a motion for class certification after she has received sufficient information regarding LoanStream's calling conduct and the scope, nature and extent of its relationship with Resmo and Roberts. LoanStream will oppose Plaintiff's motion for class certification.

LoanStream intends to file a motion for summary judgment. Plaintiff will oppose.

Counsel for Plaintiff spoke to Mr. Roberts on numerous occasions with respect to any motions intended to be brought. Mr. Roberts stated that he would likely have items to add but stated that he likely would not be able to provide them before the deadline. He has not provided the edits.

Defendant Resmo is in default and therefore there will likely be no motions to report as to Resmo.

9. Dispositive Motions:

LoanStream intends file a motion for summary judgment on the basis that none of Defendant's representatives ever contacted Plaintiff, no person by the name of "Karisha" worked for Defendant in October of 2021, and Defendant has never controlled, managed, or operated a phone number with the Caller ID 213-521-2618. Additionally, LoanStream is not liable for the alleged conduct of other parties. Plaintiff will oppose.

Counsel for Plaintiff spoke to Mr. Roberts on numerous occasions with respect to any motions intended to be brought. Mr. Roberts stated that he would likely have items to add but stated that he likely would not be able to provide them before the deadline. He has not provided the edits.

Defendant Resmo is in default and therefore there will likely be no motions to report as to Resmo.

10. <u>Status of Discovery:</u>

Pursuant to this Court's Civil Standing Order for putative class actions, discovery has commenced and is in the early stages. Plaintiff states that discovery was slightly delayed because tracing the source of the calls required the service of subpoenas to multiple third-party vendors and resellers and tracing the calls up the chain of the telephone system. However, Plaintiff has since done so and amended the complaint to allege claims against Resmo and Roberts based on the data uncovered.

11. <u>Discovery Plan:</u>

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The Plaintiff will seek discovery on the following subjects: (1) Calling data regarding Plaintiff and the proposed class, either in the possession of LoanStream, Resmo, and/or Roberts; (2) Defendant's policies and procedures regarding compliance with the TCPA; (3) Defendant's negligence or willfulness regarding any TCPA violations; (4) The scope, nature, and extent of Roberts and Resmo's relationship between Defendant LoanStream and Global Experts Limited and LizDev, Inc.

Defendant LoanStream will seek discovery on at least the following subjects: (1) the facts and circumstances surrounding the phone call that is alleged in the complaint, including how/why the phone number was called; (2) all communications the Plaintiff had with LoanStream, if any (3) all communications any purported members of the class had with LoanStream, if any (4) issues relevant to class certification, and (5) Plaintiff and the class members' damages, if any.

Counsel for Plaintiff spoke to Mr. Roberts on numerous occasions with respect to any contributions as to intended discovery or the discovery plan. Mr. Roberts stated that he would likely have items to add but stated that he likely would not be able to provide them before the deadline. He has not provided the edits.

Defendant Resmo is in default and therefore there will likely be no discovery to report as to Resmo.

The parties do not believe that discovery will need to be conducted in phases or limited, that applicable limitations should be changed or other limitations imposed, or that the Court should enter other orders.

12. Discovery Cut-off:

Please see the below table

| **Deadline** | **Current Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Cut-Off | 10/15/2024 | 5/12/2025 |
| Expert Disclosure (Initial) | 10/29/2024 | 5/28/2025 |
| Expert Disclosure (Rebuttal) | 11/12/2024 | 6/11/2025 |
| Expert Discovery Cut-Off | 11/14/2024 | 6/15/2025 |
| Last Date to Hear Motions [Thursday] | 1/16/2025 | 9/4/2025 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 1/22/2025 | 9/16/2025 |
| Trial Filings (first round) | 3/20/2025 | 10/23/2025 |
| Trial Filings (second round) | 3/27/2025 | 10/30/2025 |
| Final Pretrial Conference & Hearing on Motions in Limine [Thursday at 8:30 a.m., at least 12 days before trial] | 5/1/2025 | 11/6/2025 |
| Jury Trial (Tuesday 8:00 AM) | 5/13/2025 | 11/18/2025 |

13. <u>Expert Discovery:</u>

<u>Please see the above table.</u>

14. <u>Settlement/Alternative Dispute Resolution (ADR):</u>

The parties certify that they have considered the potential benefits of settling the case before undertaking significant discovery or motion practice, and report that, at this time, settlement is unlikely. The parties do not request an early settlement conference. A Notice to Parties of Court Directed ADR Program (Form ADR08) has been filed in this matter. The Parties prefer private mediation. Counsel for Plaintiff spoke to Mr. Roberts on numerous occasions with respect to potential resolution. Mr. Roberts stated that he would likely have items to add but stated that he likely would not be able to provide them before the deadline. He has not provided the edits.

Defendant Resmo is in default and therefore there will likely be no early resolution to report as to Resmo.

15. <u>Trial Estimate:</u>

The parties agree that 5 days is sufficient. Each party believes it will call 3-5 witnesses. Plaintiff submits that the TCPA class action trial alleging similar violations that he has been a part of took 5 days to complete. Defendant believes 5 days will provide enough time to go through all the necessary witnesses and documentary evidence.

16. <u>Trial Counsel:</u>

Andrew Perrong for the Plaintiff.

Thomas F. Landers and Adam R. Scott of Solomon Ward Seidenwurm & Smith, LLP, for Defendant.

Sean Roberts, *Pro Se*, for himself.

Resmo is in default.

17. <u>Likelihood of Appearance of Additional Parties.</u>

There is a low likelihood of appearance of additional parties.

18. <u>Consent to Proceed Before Magistrate Judge:</u>

The Parties do not consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

19. <u>Independent Expert or Master:</u>

The Court should not consider appointing a master pursuant to Rule 53 or an independent scientific expert.

20. <u>Schedule Worksheet</u>

The Parties' Schedule of Pretrial and Trial Dates Worksheet is attached above. A worksheet is attached to this filing as an exhibit.

21. <u>Class Actions</u>

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

- Plaintiff's Motion for Class Certification Deadline: May 22, 2025
- Opposition to Motion for Class Certification Deadline: June 19, 2025
- Reply Brief for Motion for Class Certification Deadline: July 3, 2025
- Hearing on Motion for Class Certification: July 24, 2025

22. <u>Other Issues:</u>

No other issues to report at this time.

Respectfully submitted,

Dated: October 24, 2024    PERRONG LAW LLC

By: */s/Andrew R. Perrong*

Andrew R. Perrong

Attorney for Plaintiff

DATED:  October 24, 2024    SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  */s/Thomas F. Landers*
THOMAS F. LANDERS
ALEC M. RISHAWIN
Attorneys for Defendant,
OCMBC, INC., dba LOANSTREAM MORTGAGE

## ATTESTATION OF SIGNATURE

Pursuant to Central District Electronic Local L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to Thomas F. Landers, counsel for Defendant, and I obtained his authorization to affix their electronic signatures to this document.

/s/ Andrew R. Perrong
Andrew R. Perrong

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties who have appeared through counsel by operation of the court's electronic filing system. I also certify that I mailed the foregoing, first class mail, to the Defendant Pro Se, Sean Roberts at the following address:

Sean Roberts
1812 Port Abbey Pl
Newport Beach, CA 92660

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.