Dana Oliver
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
Attorney for Plaintiff and Putative Class

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS<br><br>*Defendants* | Case No. 8:24-cv-67-FWS-JDE<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge: Hon. Fred W. Slaughter<br><br>Magistrate: Hon. John D. Early |

## APPLICATION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rule 79-5 and the Stipulated Protective Order entered in this action (ECF No. 26), Plaintiff Kimberly Hudson-Bryant respectfully applies for leave to file under seal certain portions of and documents submitted in support of Plaintiff's Motion for Class Certification. This Application is supported by the concurrently filed Declaration of Andrew Roman Perrong. Counsel for Plaintiff

met and conferred with counsel for Defendant LoanStream regarding the materials to be filed under seal. The parties agree that the documents identified below were produced or designated as "CONFIDENTIAL" pursuant to the Stipulated Protective Order (ECF No. 26) and that sealing is appropriate under the circumstances described herein. Defendant does not oppose this Application.

There is a strong presumption in favor of public access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). For documents attached to a non-dispositive motion, the party seeking to seal must show "good cause," as opposed to "compelling reasons," under Federal Rule of Civil Procedure 26(c), since public policy does not support the public right of access with the same force. *Id.* at 1170-80. Under the good cause standard, a party must make a particularized showing that specific prejudice or harm will result if the information is disclosed. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). That standard is met here for each document identified below.

As an initial matter, the motion itself makes reference and quotes at length various portions of the materials sought to be sealed. So, for those portions of the motion itself, sealing is appropriate on the same basis as the underlying documents. Plaintiff seeks to seal four exhibits and one deposition transcript.

The first exhibit Plaintiff seeks to seal is Exhibit A, the email thread between LoanStream's president and the Roberts regarding marketing expenses and profit and loss statements. The emails were produced by Defendant and LizDev and designated CONFIDENTIAL by both. Good cause exists to seal this document because it contains confidential internal business communications reflecting its branch operations.

The second exhibit Plaintiff seeks to seal is Exhibit B, a LoanStream accounting ledger/profit and loss statement. These records were produced by Defendant and designated CONFIDENTIAL. Good cause exists to seal this document because it contains proprietary financial information of a private company, including revenue figures, cost structures, expense classifications, and internal accounting details.

The third exhibit Plaintiff seeks to seal is Exhibit C, an invoice and contract with LizDev. These records were produced by LizDev in response to a subpoena and designated CONFIDENTIAL. Good cause exists to seal this document because it contains pricing, contract terms, and the proprietary business arrangements of a non-party, as well as contact information for LoanStream's accounting department.

The fourth exhibit Plaintiff seeks to seal is Exhibit E, an employment agreement between LoanStream and Cynthia Roberts. It was produced by Defendant and designated CONFIDENTIAL. Good cause exists to seal this

document because it contains private employment terms, including compensation terms and other confidential contractual terms.

Finally, Plaintiff's Motion for Class Certification cites extensively to the deposition of Serene Vernon, LoanStream's Rule 30(b)(6) designee, which was taken on March 31, 2026. Under the terms of the Stipulated Protective Order, the Designating Party has thirty days from receipt of the transcript to designate specific portions as CONFIDENTIAL. That period has not yet expired as of the date of this filing. Accordingly, the deposition transcript excerpts are being filed under seal pending the expiration of the designation period. Plaintiff will work with Defendant to file a public version containing all non-designated portions once the designation period has run or designations have been made.

Plaintiff's request is narrowly tailored to protect only information that the parties have identified as warranting confidential treatment. Plaintiff has filed a redacted version of the Motion for Class Certification and the non-confidential exhibits.

Dated: April 13, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
(Pro Hac Vice)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)

APPLICATION FOR LEAVE TO FILE UNDER SEAL
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

Facsimile: 888-329-0305

a@perronglaw.com

## LOCAL RULE 11-6.2 COMPLIANCE STATEMENT

The undersigned, counsel of record for Plaintiff, certifies that this application contains 980 words, which complies with the word limit of L.R. 11-6.1.

April 13, 2026

/s/ *Andrew Roman Perrong*

Andrew Roman Perrong, Esq.

## LOCAL RULE 7-3 COMPLIANCE STATEMENT

In accordance with Local Rule 7-3, counsel for Plaintiff contacted counsel for Defendants to ascertain whether they consent to the Application. LoanStream does not oppose this Application. Defendant Roberts did not respond.

April 13, 2026

/s/ *Andrew Roman Perrong*

Andrew Roman Perrong, Esq.

## ARTIFICIAL INTELLIGENCE COMPLIANCE STATEMENT

Generative artificial intelligence was used to generate portions of this Application. The filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11

APPLICATION FOR LEAVE TO FILE UNDER SEal

*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

obligations.

April 13, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

April 13, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

APPLICATION FOR LEAVE TO FILE UNDER SEAL
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*