UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00067-FWS-JDE                    Date: May 6, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

 Rolls Royce Paschal                                         N/A
    Deputy Clerk                                        Court Reporter

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:

       Not Present                                    Not Present

**PROCEEDINGS: ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SEALING APPLICATIONS RELATED TO MOTION FOR CLASS CERTIFICATION [59] [66]**

In this case, Plaintiff Kimberly Hudson-Bryant alleges Defendant OCMBC, Inc. doing business as LoanStream, violated the Telephone Consumer Protection Act. (*See generally* Dkt. 1 (Complaint).)  Plaintiff's Motion to Certify Class is pending before the court. (Dkt. 58 ("MCC").)  In connection with the MCC, Plaintiff filed an Application for Leave to File Under Seal two categories of information. (Dkt. 59 ("Application").)  First, Plaintiff seeks leave to file under seal Exhibits A, B, C, and E (the "Exhibits"), which were marked as confidential during discovery and which contain, among other information, pricing, contract terms, and employment information. (*Id.* at 3-4.)  Second, Plaintiff seeks leave to file under seal the transcript of the deposition of Defendant's Rule 30(b)(6) designee (the "Transcript"), because at the time the Application was filed, the time period for marking any portion of the transcript as confidential had not yet passed. (*Id.* at 5.)

Since the filing of the Application, Defendant filed additional information supporting the sealing of the Exhibits. (Dkt. 65.)  And Plaintiff filed a Revised Application for Leave to File Under Seal, (Dkt. 66, "Revised Application"), stating that no portion of the Transcript was marked as confidential and "Plaintiff therefore withdraws her application to seek leave to file the [Transcript] under seal." (*Id.* at 1-2.)

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00067-FWS-JDE                    Date: May 6, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc.

A party seeking to file documents under seal "bears the burden of overcoming [the] strong presumption" in favor of public access to court records. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quotation omitted). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion" like this motion for summary judgment. *Id.* at 1179. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (cleaned up). "Similarly, other sources of business information that might harm a litigant's competitive standing may also constitute a compelling reason to seal, such as a company's confidential profit, cost, and pricing information, which if publicly disclosed could put the company at a competitive disadvantage." *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 999 (S.D. Cal. 2021), *aff'd,* 2022 WL 1436146 (Fed. Cir. May 6, 2022) (cleaned up).

Based on the record, as applied to the relevant law, the court finds there is sufficient justification to file the Exhibits under seal, but not the Transcript. Accordingly, the Application is **GRANTED** as to the Exhibits and **DENIED** as to the Transcript. The Clerk of Court is respectfully **DIRECTED** to unseal the document at Docket 60-3.

But that does not fully resolve the matter. In the Application, Plaintiff acknowledges that "Plaintiff's Motion for Class Certification cites extensively to the deposition of Serene Vernon, LoanStream's Rule 30(b)(6) designee, which was taken on March 31, 2026." (Application at 4.) All of the citations to the Transcript in the MCC are redacted. (*See generally* MCC.) Accordingly, Plaintiff is **ORDERED** to file a revised MCC consistent with this Order (unredacting all references to the Transcript) on or before **May 11, 2026, at 10:00 a.m.**

2