THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.

d/b/a LOANSTREAM MORTGAGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>Defendants. | Case No. 8:24-cv-67-FWS-JDE<br><br>**DECLARATION OF THOMAS F. LANDERS IN SUPPORT OF DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:　　June 18, 2026<br>Time:　　10:00 a.m.<br>Crtrm.:　10D<br><br>Judge:　　　Hon. Fred W. Slaughter<br>Magistrate:　Hon. John D. Early<br><br>Action Filed:　January 11, 2024<br>Trial Date:　　October 27, 2026 |

I, Thomas F. Landers, declare:

1.    I am an attorney licensed to practice before all courts of the State of California. I am a partner at Solomon Ward Seidenwurm & Smith, LLP, ("SWSS") counsel for Defendant OCMBC, Inc. d/b/a Loanstream Mortgage's ("Defendant" or "LoanStream"). I have personal knowledge of the facts set forth and, if called as a witness, I would testify competently to them.

2.    While reviewing public records in order to prepare LoanStream's defense in this case, my team and I learned that Plaintiff Kimberly Hudson-Bryant ("Plaintiff") has filed approximately twelve separate TCPA lawsuits since 2021. I also confirmed this fact when I deposed Plaintiff in March 2026.

3.    On March 26, 2026, I deposed Plaintiff via Zoom. The deposition was stenographically recorded by a certified shorthand court reporter. A true and correct excerpt of Plaintiff's deposition transcript is attached as **Exhibit 1**.

4.    On May 6, 2025, and again on October 9, 2025, LoanStream obtained, through a third party subpoena, AT&T call records and other documents, including billing statements, relating to the phone number cited in Plaintiff's operative complaint (the "AT&T Records"). According to the AT&T Records, the phone number was registered to Ms. Woods at the time of the Phone Call and the phone number was eventually registered to Plaintiff approximately six months later. A true and correct excerpt of the AT&T Records are attached as **Exhibit 2**.

5.    On November 29, 2024, Plaintiff produced a document entitled "LoanStream Mortgage DL", which is a letter that Plaintiff allegedly sent to LoanStream , on behalf of Ms. Woods (as her Power of Attorney), on or about January 3, 2023 (the "Woods Letter"). The Woods Letter states, among other things, that Ms. Woods was contacting LoanStream to report "illegal communications that came to [her] phone number" on October 12, 2021, and October 19, 2021. A true and correct copy of the Woods Letter is also attached as **Exhibit 3**.

/ / /

6. On April 7, 2026, LoanStream designated Madelyn Moran as a rebuttal expert in this matter. A true and correct copy of Ms. Moran's expert report, with its accompanying exhibits is attached as **Exhibit 4**, but we have not included her exhibits that contain non-public personal identifying information—namely her Exhibit 3 [NDNCR Phone Number List], her Exhibit 4 [NDNCR Phone Number List], her Exhibit 5 [PacificEast Reverse Phone Number Search Data], and her Exhibit 9 [Phone Number Reassignment Search]).[1]

7. On February 21, 2025, Plaintiff's counsel, Andrew Perrong, remotely deposed Sean Roberts, an individual defendant in this action, via Zoom (the "Sean Roberts Deposition"). I attended the deposition. A true and correct excerpt of the Sean Roberts Deposition Transcript is attached as **Exhibit 5**.

8. On November 29, 2024, Plaintiff produced various documents in response to discovery requests propounded by LoanStream, including an audio recording of an alleged phone call that occurred between Plaintiff and an individual named "Carisha" on or about October 19, 2021 (the "Phone Call"). A true and correct copy of that audio file has been produced to the Court as **Exhibit 6**.

9. On November 29, 2024, Plaintiff also produced various documents from LizDev, Inc., which Plaintiff obtained through a third party subpoena(the "LizDev Production"). The LizDev Production included, among other things, twelve files that allegedly contain records showing hundreds of thousands of calls made to thousands of individual recipients, including Plaintiff's mother, Eleanora C. Woods. This data set is what Plaintiff contends is the "call log" and both Parties' experts have analyzed it.

10. I have also reviewed the text in Plaintiff's Motion for Class Certification ("Class Certification Motion") at page 32 bearing the heading, "**LOCAL RULE 7-3 COMPLIANCE STATEMENT**." This statement bears the electronic signature of Plaintiff's counsel, Andrew Perrong, and states, "in accordance with Local Rule 7-3,

---

[1] LoanStream will provide this information to the Court, if needed.

the parties discussed Plaintiff's Motion For Class Certification and Defendant's anticipated opposition in the context of deadlines and case scheduling for the same, including in terms of anticipated testimony to be used in the same, on at least April 18, 2025, in a telephone call between Anthony Paronich and Thomas Landers." The only thing that is true about this unsworn statement is that I had a telephone call with Mr. Paronich on April 18, 2025 (the "April 2025 call").

11.     During the April 2025 call, Mr. Paronich and I discussed case scheduling, and specifically the need to extend the litigation deadlines in light of an automobile accident involving Serene Vernon, LoanStream's former President and a witness in this matter. Mr. Paronich and I did not discuss Plaintiff's Class Certification Motion, which as of April 18, 2025, was not due for another 34 days, on May 22, 2025. Mr. Paronich and I also did not discuss Local Rule 7-3, nor did we engage in the issue-by-issue position exchange as required by Local Rule 7-3.

12.     Prior to drafting this declaration, I reviewed my emails from the week of April 18, 2025, along with my billing entries. I can say without hesitation or equivocation that Mr. Paronich and I did not engage in a Local Rule 7-3 conference of counsel regarding Plaintiff's Class Certification Motion. I also never had a meeting with Plaintiff's counsel to discuss the topics contemplated by Local Rule 7-3, nor has any such meeting occurred between Plaintiff's counsel and LoanStream's counsel regarding the Class Certification Motion.

13.     At the time of the April 2025 call, , Plaintiff, Cynthia Roberts (a third party witness), and Serene Vernon (Defendant's designated 30(b)(6) witness) had not yet been deposed. Since Plaintiff's Class Certification Motion relies extensively on these witnesses' testimony, Mr. Paronich and I could not have had the detailed conversation required by Local Rule 7-3.

14.     April 18, 2025 was a Friday. The following Friday, April 25, 2025, the Parties filed their "Joint Motion and Stipulation to Continue Case Deadlines" ("Stipulation"). (Dkt # 49.) In that Stipulation, the Parties informed the Court that the

continuance was needed due to "unforeseen scheduling and health-related issues involving a key percipient witness and LoanStream's 30(b)(6) witness"–a statement referring to Ms. Vernon's automobile accident.

15.    Mr. Perrong's unsworn "Local Rule 7-3 compliance statement" is false and misleading. The simple fact is that Plaintiff's counsel failed to comply with Local Rule 7-3, and rather than admit that failure, Mr. Perrong submitted a watered down statement that itself fails to comply with Local Rule 7-3. As the Court is well aware, Local Rule 7-3 requires "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Neither Mr. Perrong nor Mr. Paronich contacted me to discuss Plaintiff's contemplated Class Certification Motion prior to the actual filing date, ***April 13, 2026***. Instead on April 18, 2025, I contacted Mr. Paronich to discuss the need to amend the scheduling order based on Ms. Vernon's automobile accident. A true and correct copy of an email thread from Thursday, April 17, 2025 (showing that I contacted Mr. Paronich to discuss scheduling, and specifically for "deposition scheduling and case management" the day before the phone call referenced in Mr. Perrong's "compliance" statement), is attached  as **Exhibit 7**.

16.    Local Rule 7-3 further requires, "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied." Mr. Perrong's false "compliance" statement is not a declaration, is not signed under penalty of perjury, and it does not set forth the position of each party with respect to each disputed issue that is the subject of the class certification motion. As the Court can see from LoanStream's opposition to the Class Certification Motion, filed concurrently with this declaration, there are more many points in dispute, including the fundamental flaw that Plaintiff has no way to identify class members because the unauthenticated data set Plaintiff exclusively relies on does

not identify required information about the alleged phone calls, including critically, whether the phone call was placed "on behalf of" Lending 3/L3, AFN, or LoanStream. Had any Local Rule 7-3meeting of counsel occurred, we would have discussed that.

17.    Further, as it relates to Ms. Vernon's automobile accident, it is a matter of public record that the accident resulted in a fatality, as well as subsequent criminal charges against Ms. Vernon (which remain pending to this day). But, the automobile accident is reported to have taken place on January 31, 2025, which is *years* after the events that are the subject of this lawsuit. The criminal charges filed against Ms. Vernon also have nothing to do with the issues in this lawsuit, which stem from alleged phone calls from Global Experts, Ltd., a non-party and now-defunct Jamaican company, in 2021. That counsel quotes her testimony about those charges in Plaintiff's Class Certification Motion is an attempt to capitalize on a tragedy affecting multiple families, including Ms. Vernon's family, but has nothing to do with this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 11, 2026, at San Diego, California.

*/s/ Thomas F. Landers*
Thomas F. Landers