THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>Defendants. | Case No. 8:24-cv-67-FWS-JDE<br><br>**DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ELIZABETH STONE FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:     June 18, 2026<br>Time:     10:00 a.m.<br>Crtrm.:   10D<br><br>Judge:     Hon. Fred W. Slaughter<br>Magistrate: Hon. John D. Early<br><br>Action Filed: January 11, 2024<br>Trial Date:   October 27. 2026 |

Case No. 8:24-cv-67-FWS-JDE

EVIDENTIARY OBJECTIONS TO STONE DECLARATION

Pursuant to Local Rule 7-7 and Federal Rule of Civil Procedure 56(c)(4), Defendant OCMBC, Inc. dba LoanStream Mortgage ("Defendant" or "LoanStream") objects, and respectfully asks the Court, to strike the following portions of the Declaration of Elizabeth Stone (the "Declarant"), submitted in support of Plaintiff Kimberly Hudson-Bryant's ("Plaintiff") Motion for Class Certification, for the reasons set forth below. *See* Dkt. 58-5.

| CITATIONS | STATEMENTS | OBJECTIONS |
|---|---|---|
| Pg. 2; ¶ 4 | "Beginning in at least 2021, a company named Premier Financial Marketing LLC/Resmo Lending ("Resmo")—which was operated by Sean Roberts—obtained leads from LizDev to use in connection with a calling campaign ***I understand he ran for LoanStream*** ("LoanStream Campaign")." [emphasis added] | **Lack of Personal Knowledge; Speculation (FRE 602).** No evidence (admissible or otherwise) is offered to establish Declarant's personal knowledge that Sean Roberts performed a call campaign for Defendant. Her statement is speculation. |
| Pg. 2; ¶ 4 | ***"I also understand*** that Resmo hired a company called Global Experts, LLC to serve as the call center for the LoanStream Campaign." [emphasis added] | **Lack of Personal Knowledge; Speculation (FRE 602).** No evidence (admissible or otherwise) is offered to establish Declarant's personal knowledge that Sean Roberts hired Global Experts for the purposes stated. Her statement is speculation. |
| Pg. 2; ¶ 6 | "Attached as Composite Exhibit A are true and accurate copies of documents LizDev produced in connection with the Subpoena and this case generally." | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff did not submit to, or file with, the Court "Composite Exhibit A[,]" nor did Plaintiff serve it on Defendant with Plaintiff's class certification motion. As discussed below, the Declarant fails to establish her |

EVIDENTIARY OBJECTIONS TO STONE DECLARATION

| CITATIONS | STATEMENTS | OBJECTIONS |
|---|---|---|
| | | personal knowledge of whatever documents comprise "Composite Exhibit A." |
| | | **Hearsay (FRE 801–802).** To the extent Declarant offers the contents of "Composite Exhibit A" for their truth, they are inadmissible hearsay. Because Declarant asserts the documents represent prior actions taken by Global Experts, those documents involve assertions by a third-party, are out of court statements offer to prove the truth of the matter asserted (*i.e.,* that they fully and accurately reflect calls made by Global Experts) and are therefore inadmissible hearsay. |
| | | **Hearsay Within Hearsay (FRE 805).** To the extent "Composite Exhibit A" provides an account of actions taken by a third-party, Declarant's testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |
| Pg. 2; ¶ 7 | "Composite Exhibit A contains logs of outbound calls placed by Global Experts, LLC in connection with the LoanStream Campaign. I had access to these documents by virtue of either my prior business dealings with Sean Roberts at Resmo in relation to the LoanStream Campaign, or because I invested in Global Experts, which I understand is now | **Lack of Personal Knowledge; Speculation (FRE 602).** Declarant has failed to establish her personal knowledge of what "Composite Exhibit A" contains – including because it was not provided to, nor filed with, the Court in connection with Plaintiff's class certification motion or Declarant's declaration. Additionally, Declarant fails to establish her personal knowledge of whether "Composite Exhibit A contains logs of outbound calls placed by Global Experts, LLC…" She has no personal knowledge of whether Global |

| CITATIONS | STATEMENTS | OBJECTIONS |
|---|---|---|
| | defunct." | Experts engaged in a call campaign, as discussed above. She offers no testimony regarding how the "logs" were created, when they were created, by whom they were created, nor whether they were created at or near the time of the events they may purport to memorialize, nor does she testify about the measures taken (if any) by whomever created the "logs" to ensure their accuracy. Finally, she offers no testimony regarding what measures were taken (if any) to preserve the alleged "logs" without modification from the unknown time they were created to the present.<br><br>**Lack of Foundation; No Authentication (FRE 602; 901).** Declarant fails to authenticate "Composite Exhibit A" and specifically any "logs." In addition to the lack of testimony regarding the preparation and maintenance of these "logs," Declarant cannot even identify the source from which she allegedly obtained them. She merely offers that she had "access" to them either from "Sean Roberts at Resmo" or from Global Experts.<br><br>**Hearsay (FRE 801–802).** To the extent Declarant offers the contents of "Composite Exhibit A" for their truth, they are inadmissible hearsay. Because Declarant asserts the documents represent prior actions taken by Global Experts, those documents involve assertions by a third-party, are out of court statements offered for the truth of the matter asserted (*i.e.,* that they fully |

| CITATIONS | STATEMENTS | OBJECTIONS |
|---|---|---|
| | | and accurately reflect calls made by Global Experts) and are therefore inadmissible hearsay. |
| | | **Hearsay Within Hearsay (FRE 805).** To the extent "Composite Exhibit A" provides an account of actions taken by a third-party, Declarant's testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. |

Further pursuant to Local Rule 7-7 and Federal Rule of Civil Procedure 56(c)(4), LoanStream separately objects, and respectfully asks the Court, to strike "Composite Exhibit A" to the extent it contains the "logs" mentioned in the Declaration of Elizabeth Stone and the "Calling Records" identified and relied upon in the report of Aaron Woolfson as "*Liz Dev 0001 through 0012 – Confidential.*" That is the data set that third-party LizDev, Inc. ("LizDev") produced in response to a subpoena. Ms. Stone declares she is the CEO of LizDev. Plaintiff's class certification motion and Mr. Woolfson's report contend that this data set reflects phone calls made by another third-party, defunct Global Experts. The only attempt Plaintiff makes to authenticate this data set is Ms. Stone's declaration (Dkt. 58-5), which is also the subject of this evidentiary objection. The Court should exclude the data set – if it had been submitted with the class certification motion – under Federal Rules of Evidence 602, 801, 802, 805 and 901. In Plaintiff's telling, the data set is a record of outbound calls made by Global Experts. But there has been a complete lack of authentication for the data set. Ms. Stone does not offer any testimony about how the data set was prepared, by whom, when, whether it in fact is intended to be a complete record of all outbound calls by Global Experts, and what steps (if any) were taken to ensure its accuracy. Ms. Stone cannot even testify where she obtained the data set – she offers two potential sources, Sean Roberts or Global Experts. There is no evidence that the

data set has been maintained in a static state since its creation (whenever that was, and assuming it was accurate in the first place).  It is therefore possible the data set has been altered after-the-fact. Further, the data set is a hearsay document, containing multiple levels of hearsay, being offered for a hearsay purpose.

DATED:  May 11, 2026

SOLOMON WARD SEIDENWURM & SMITH, LLP


By:  _____*/s/ Thomas F. Landers*_____
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC. d/b/a LOANSTREAM MORTGAGE

P:4896-9270-6727.5:66075-002

-6-

Case No. 8:24-cv-67-FWS-JDE

EVIDENTIARY OBJECTIONS TO STONE DECLARATION