THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>Defendants. | Case No. 8:24-cv-67-FWS-JDE<br><br>**DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge:     Hon. Fred W. Slaughter<br>Magistrate: Hon. John D. Early<br><br>Action Filed: January 11, 2024<br>Trial Date:   October 27, 2026 |

P:4913-1267-1658.5:66075-002

Pursuant to Local Rule 79-5 and the Stipulated Protective Order entered in this action (Dkt. 26), Defendant OCMBC, Inc. d/b/a LoanStream Mortgage ("Defendant") respectfully requests leave to file certain portions of its Opposition to Plaintiff Kimberly Hudson-Bryant's ("Plaintiff") Motion for Class Certification under seal. This application for leave ("Application") is supported by the facts and circumstances below and the concurrently filed Declaration of Thomas F. Landers. As explained, Defendant's Application should be granted so that Defendant can properly oppose Plaintiff's Motion for Class Certification by the deadline set by the Court.

## I.    RELEVANT BACKGROUND

This Application comes before the Court due to the eleventh hour conduct of Plaintiff, not the actions (or inactions) of Defendant. Specifically, Defendant's Application is necessary due to the following:

- On June 18, 2024, the Court signed the Parties' Stipulated Protective Order, which (i) allows a Party to designate specific parts of a deposition transcript and/or exhibits as "CONFIDENTIAL" within 30 days of receiving the transcript, (ii) permits one Party to challenge another Party's confidentiality designations by "initiat[ing] the dispute resolution process under Local Rule 37.1 et seq.", and (iii) requires that confidential materials be filed under seal pursuant to "Local Rule 79-5";

- On March 26, 2026, Defendant's counsel conducted a remote deposition of Plaintiff Kimberly Hudson-Bryant via Zoom;

- On April 9, 2026, Plaintiff's counsel received a copy of the transcript relating to Plaintiff's deposition;

- On April 13, 2026, Plaintiff filed its Motion for Class Certification ("Motion"), which Defendant must oppose by May 11, 2026;

- **At 9:38 p.m. Pacific Time on Friday, May 8, 2026**, Plaintiff served Defendant with a Notice of Confidentiality Designation, which designated twenty-six separate sections of Plaintiff's deposition

transcript, and one exhibit, as "CONFIDENTIAL" under the Parties' Stipulated Protective Order (the "Friday Night Confidentiality Designations").

*See* Declaration of Thomas F. Landers ("Landers Decl.") ¶¶ 3–7 & Ex. A (Plaintiff's Friday Night Confidentiality Designations).

## II.    UNIQUE CIRCUMSTANCES WARRANT THIS APPLICATION.

Defendant's Application falls under Local Rule 79–5.2.2(b), which relates to the filing of documents under seal when another party has designated materials confidential pursuant to a protective order. Defendant is well aware of its filing obligations under the Local Rules, but it must also comply with the Court's Scheduling Order dated January 7, 2026 (the "January Order") (Dkt. 57), which set today, May 11, 2026 as the deadline to oppose Plaintiff's Motion for Class Certification ("Opposition").

Defendant received Plaintiff's Friday Night Confidentiality Designations at 9:38 p.m., *less than 72 **weekend** hours before the Opposition was due*. Landers Decl. ¶¶ 6–7. With such little time available, Defendant could not (i) meet and confer with Plaintiff's counsel (under Local Rule 37.1 or Local Rule 79–5.2.2(b)), (ii) formally challenge Plaintiff's Friday Night Confidentiality Designations under the Stipulated Protective Order, or (iii) timely apply for leave to file any uncontested Friday Night Confidentiality Designations under seal. But because Plaintiff served the Friday Night Confidentiality Designations well after normal business hours last Friday, Defendant could not inform the Court of these issues and had no choice but to file this Application.

## III.    THE CONFIDENTIALITY DESIGNATIONS

Here is a list of Plaintiff's Friday Night Confidentiality Designations Defendant received at 9:38 p.m., Friday, May 8, 2026:

| Redactions | Stated Reasons |
|---|---|
| 14:13–15:25 | Medical/Health Information |

| 20:19–21:3, *passim* | Plaintiff's Telephone Number |
|---|---|
| 27:11–27:21 | Plaintiff's Home Address |
| 32:5–33:23 | Plaintiff's Damages in Other Litigation |
| 34:1–42:25 | Household/Family Information |
| 44:1–46:25 | Home Addresses |
| 47:8–49:25 | Financial Information |
| 50:4–60:17 | Family/Health Information |
| 60:18–66:18 | Family/Address Information |
| 98:9–105:21 | Family Medical Information |
| 106:1–108:18 | Family Medical Information/Telephone Number |
| 109:5–117:8 | Telephone Number |
| 116:1–129:25 | Power of Attorney Information |
| 130:1–132:25 | Family Medical Information |
| 133:1–134:25 | Family/Address Information |
| 135:1–136:23 | Family Medical Information |
| 136:5 | Telephone Number |
| 140:15–141:20 | Family Information |
| 144:5-144:23 | Family Medical Information |
| 148:5 | Telephone Number |
| 150:4–152:25 | Attorney/Client Information |
| 175:1–180:10 | Attorney/Client Information |
| 180:6–183:25 | Telephone Number |
| 187:1–187:25 | Telephone Number |
| 211:1–221:25 | Telephone Number |
| 242:1–246:25 | Telephone Number |
| Deposition Ex. 10 | Eleanora Woods' Power of Attorney |

*See* Landers Decl. ¶¶ 7–8, Exh. A

As the Court can see, Plaintiff sometimes designates multiple pages of testimony (*e.g*. 34:1-42:25 and 211:1-221:25). There has simply been insufficient time since Friday night to analyze these designations and to meet and confer with Plaintiff's counsel about them. Accordingly, out of an abundance of caution, without agreeing or conceding the designations are proper or compliant, at this time, Defendant will simply respect Plaintiff's Friday Night Confidentiality Designations by redacting the publicly filed version of its Opposition to class certification. Defendant requests the Court's permission to lodge the unredacted version of its

Opposition under seal. Defendant will then meet and confer with Plaintiff's counsel in an attempt to avoid or narrow the scope of any disagreement over the extent of Plaintiff's Friday Night Confidentiality Designations.

## IV. CONCLUSION

Defendant respectfully requests that the Court grant the Application.

DATED: May 11, 2026

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: ___*/s/ Thomas F. Landers*___

THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

Case 8:24-cv-00067-FWS-JDE   Document 70   Filed 05/11/26   Page 6 of 6   Page ID #:1062

## **<u>LOCAL RULE 11-6.2 COMPLIANCE STATEMENT</u>**

The undersigned counsel of record for Defendant certifies that this brief contains 800 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 11, 2026        SOLOMON WARD SEIDENWURM & SMITH, LLP


By: _____*/s/ Thomas F. Landers*_____
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC. d/b/a LOANSTREAM MORTGAGE

P:4913-1267-1658.5:66075-002        -6-        Case No. 8:24-cv-67-FWS-JDE
DEFENDANT LOANSTREAM'S APPLICATION FOR LEAVE TO FILE UNDER SEAL