**NOTE: CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>        Defendants. | Case No. 8:24-cv-00067-FWS-JDE<br><br>**ORDER PROVISIONALLY GRANTING DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S APPLICATION FOR LEAVE TO FILE UNDER SEAL [70]**<br><br>Judge:       Hon. Fred W. Slaughter<br>Magistrate:  Hon. John D. Early<br><br>Action Filed:  January 11, 2024<br>Trial Date:    October 27, 2026 |

///

///

///

The court has received Defendant OCMBC, Inc. d/b/a LoanStream Mortgage's ("Defendant") Application for Leave to File Under Seal (Dkt. 70, "Application"), which seeks leave to file certain portions of its opposition to Plaintiff Kimberly Hudson-Bryant's ("Plaintiff") Motion for Class Certification (the "Opposition"), including (a) certain portions of the Opposition itself, (b) portions of the expert report of Madelyn Moran, Defendant's expert in this action, (c) portions of excerpts from AT&T's subpoenaed document production, and (d) certain excerpts from the transcript of the deposition of Plaintiff, including arguments related to, and evidence citing or quoting, portions of the transcript designated "confidential" by Plaintiff's Notice of Confidentiality Designation dated May 8, 2026, which was filed concurrently with Defendant's Application (together, the "Redactions").

In the Application, Defendant states that due to the timing in which it received notice of the portions of the transcript of Plaintiff's deposition that Plaintiff maintained were confidential, "Defendant could not (i) meet and confer with Plaintiff's counsel (under Local Rule 37.1 or Local Rule 79–5.2.2(b)), (ii) formally challenge Plaintiff's Friday Night Confidentiality Designations under the Stipulated Protective Order, or (iii) timely apply for leave to file any uncontested [] Confidentiality Designations under seal." (Application at 3.)

Based on the record, as applied to the relevant law, the court **PROVISIONALLY GRANTS** the Application. The parties are **ORDERED** to meet and confer in an attempt to reach a resolution regarding what deposition testimony needs to remain under seal, preferably in person, but if not then by telephone or via video conference, on or before **May 22, 2026**. If the parties are able to reach an agreement regarding what material should remain under seal, Defendant shall file a revised opposition—changing only what material is redacted or unredacted—on or before **May 26, 2026, at 2:00 p.m.** If the parties are not able to reach an agreement,

Plaintiff shall file a declaration supporting the confidentiality of the material she seeks to maintain under seal on or before the same date and time.

**IT IS SO ORDERED.**

Dated: May 19, 2026

Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE