dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021
Attorney for Plaintiff and Putative Class

*Attorney for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff,*<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS<br><br>   *Defendants* | Case No. 8:24-cv-67-FWS-JDE<br><br>**DECLARATION OF ANTHONY PARONICH IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

## DECLARATION OF ANTHONY PARONICH IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

I, Anthony Paronich, declare under penalty of perjury:

1. I make this declaration in support of Plaintiff's Reply In Support of

- 1 -
DECLARATION OF ANTHONY PARONICH
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

Motion for Class Certification.  Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      I submit this declaration in response to the Declaration of Thomas F. Landers (Dkt. 69-1).

3.      This declaration addresses the parties' communications concerning Plaintiff's anticipated Motion for Class Certification and the conferral history relevant to Local Rule 7-3. I clarify the record here, particularly with respect to the April 18, 2025 telephone call, during which we discussed deposition scheduling and case management.

4.      On April 18, 2025, I participated in a telephone call with Mr. Landers. During that call, we discussed the case schedule and the litigation deadlines, including the need to continue certain dates. We also discussed the work that remained to be completed before Plaintiff's class certification motion could be briefed and filed, and specifically that the depositions of Serene Vernon, LoanStream's designated Rule 30(b)(6) witness, and other witnesses had not yet been taken and that their testimony would be central to the anticipated class certification motion.

5.      As a result of these discussions, LoanStream was aware no later than April 2025 that Plaintiff intended to move for class certification and that the

- 2 -
DECLARATION OF ANTHONY PARONICH
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

motion would rely on the testimony of Ms. Vernon and other witnesses who had not yet been deposed.

6.    Plaintiff took the deposition of Ms. Vernon on March 31, 2026. Counsel for LoanStream defended that deposition.

7.    Plaintiff's counsel did not receive the certified transcript of Ms. Vernon's deposition until on or about April 10, 2026. Because Plaintiff's class certification motion relies substantially on Ms. Vernon's testimony, the testimony necessary to finalize the motion was not available to Plaintiff's counsel in usable, certified form until that date, within seven days of the motion's filing on April 13, 2026.

8.    On April 13, 2026, the day the Motion was filed, my co-counsel Andrew Perrong emailed counsel for LoanStream offering to confer further regarding the class certification motion to the extent LoanStream considered the parties' prior communications insufficient under Local Rule 7-3.

9.    LoanStream did not respond to that email and did not at any point before filing its opposition identify any respect in which it contended the parties' conferral was inadequate or request a further conference. LoanStream raised its Local Rule 7-3 objection for the first time in its opposition to the Motion.

10.    At no time did LoanStream advise Plaintiff's counsel that it intended to oppose class certification on the ground of a Local Rule 7-3 deficiency, nor did

DECLARATION OF ANTHONY PARONICH
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

it seek to confer on that subject. Had LoanStream raised the issue, Plaintiff's counsel would have promptly conferred.

11.   LoanStream has not been prejudiced by the timing or scope of the parties' conferral. LoanStream filed a complete opposition to the Motion, supported by the expert report of Madelyn Moran, the declaration of Sean Roberts, the deposition excerpts and records described in Mr. Landers's declaration, and extensive briefing on every issue Plaintiff's Motion raised.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT

EXECUTED THIS 26TH DAY OF MAY 2026 IN THE COMMONWEALTH OF MASSACHUSETTS.

_____
Anthony Paronich

DECLARATION OF ANTHONY PARONICH
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*