_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

   Rolls Royce Paschal                                    N/A
    Deputy Clerk                                           Court Reporter

  Attorneys Present for Plaintiff:              Attorneys Present for Defendant:

      Not Present                                    Not Present

**PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [58]**

Plaintiff Kimberly Hudson-Bryant alleges Defendants OCMBC Inc., doing business as LoanStream ("LoanStream") and Sean Jones violated the Telephone Consumer Protection Act ("TCPA"). (Dkt. 37 (First Amended Complaint, "FAC").) Before the court is Plaintiff's Motion for Class Certification. (Dkts. 58, 68 ("Motion" or "Mot.").) LoanStream opposes the Motion. (Dkt. 69 ("Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 74 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for **June 18, 2026**, is **VACATED** and **OFF CALENDAR**. Based on the record, as applied to the relevant law, the Motion is **DENIED**.

## I.   Local Rule 7-3

For the second time in this case, the court must address Plaintiff's counsel's blatant failure to comply with Local Rule 7-3. Central District of California Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The conference must take place in person, by

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                          Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

---

telephone, or via video conference at least 7 days prior to the filing of the motion." *Id.* Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "Failure to include such a declaration may result in the motion being denied." *Id.*

The Motion contains the following "Compliance Statement":

> In accordance with Local Rule 7-3, the parties discussed Plaintiff's motion for class certification and defendant's anticipated opposition in the context of deadlines and case scheduling for the same, including in terms of anticipated testimony to be used in the same, on at least April 18, 2025, in a telephone call between Anthony Paronich and Thomas Landers.

(Mot. at 32.)  According to counsel for LoanStream, "The only thing that is true about this unsworn statement is that I had a telephone call with Mr. Paronich on April 18, 2025." (Dkt. 69-1 ¶ 10.)  Instead, LoanStream's counsel states, "Mr. Paronich and I did not discuss Plaintiff's Class Certification Motion, which as of April 18, 2025, was not due for another 34 days, on May 22, 2025. Mr. Paronich and I also did not discuss Local Rule 7-3, nor did we engage in the issue-by-issue position exchange as required by Local Rule 7-3." (*Id.* ¶ 11.)

In Reply, Plaintiff's counsel confirms Plaintiff's counsel failed to comply with Local Rule 7-3, blaming, among other issues, a witness's delayed deposition and LoanStream's counsel for the failure.  (*See* Reply at 27-29.)  More specifically, Plaintiff's counsel states that because of the "delay brought about by [the witness's] unavailability," "Plaintiff did not even receive the certified [witness] transcript until April 10, 2026, within the seven-day window before the April 13 filing, leaving no practical opportunity for a conference keyed to the testimony the motion required, which LoanStream's counsel defended." (*Id.*)  "Recognizing the compressed timeline, Plaintiff's counsel emailed LoanStream on the day of filing, April 13, 2026, offering to confer further on the motion to the extent LoanStream believed the parties'

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

prior discussions were insufficient." (*Id.*)  Because "LoanStream never responded" to this email and "instead held the issue back and raised it for the first time in opposition," Plaintiff's counsel argues the fault is with LoanStream, as "[a] party that declines an express invitation to confer cannot credibly claim it was deprived of conferral." (*Id.*)  Finally, Plaintiff argues the court should not deny the Motion due to the failure to comply with Local Rule 7-3 "because LoanStream identifies no prejudice." (*Id.* at 27.)

Plaintiff plainly failed to comply with Local Rule 7-3 in relation to the Motion. Plaintiff's "Compliance Statement" is not "a declaration, under penalty of perjury," and does not include "the position of each party with respect to each disputed issue that will be the subject of the motion." L.R. 7-3.  Nor could the Compliance Statement have contained this material, because nothing in the record indicates that on the April 2025 call—which took place a year before the Motion was filed—counsel "discuss[ed] thoroughly . . . the substance of the contemplated motion and any potential resolution." *Id.*  Plaintiff's counsel's April 13, 2026 email—which Plaintiff's counsel blames LoanStream's counsel for not responding to—does not satisfy Local Rule 7-3 either, given not only its timing (apparently sent the same day the Motion was filed) but also its means (with email not being a permitted method for conferring under Local Rule 7-3).

"Compliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017).  In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016).  Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground.  This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court.  It also serves the important purpose of

---

**CIVIL MINUTES – GENERAL**                                                          3

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                              Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date.  This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules.”); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) (“The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.”).

Plaintiff’s counsel’s cavalier disregard for both the letter and the spirit of Local Rule 7-3 is all the more egregious here, when the court has already admonished Plaintiff’s counsel in this case for failing to comply with it.  In the court’s September 10, 2024 Order Granting Plaintiff’s Motion to Amend Complaint, the court detailed the above law, and explained that it was “extremely disappointed to find that Plaintiff’s counsel failed to follow Local Rule 7-3.” (Dkt. 36 at 3.)  At that time, the court “f[ound] that the damage to the ‘just, speedy, and inexpensive determination of [this] action’ caused by Plaintiff’s failure to meet and confer has already been done, and that taking additional action regarding Plaintiff’s failure to comply with Local Rule 7-3—including by holding a hearing on this matter or issuing an order to show cause regarding sanctions—would only cause delay and increased expense at this stage of the proceedings.” (*Id.* at 3.)  “Therefore, at [that] time, the court only expresse[d] its severe disappointment with Plaintiff’s counsel’s blatant disregard for the Local Rules, and admonishe[d] that further failure to comply with the Local Rules . . . will not be tolerated and may result in sanctions.” (*Id.*)

Plaintiff’s counsel has now violated Local Rule 7-3 again.  Given the court’s previous warning, the court will also issue an Order to Show Cause regarding why sanctions should not issue.  (*See* Dkt. 36 at 3.)  Plaintiff’s counsel’s failure to comply with Local Rule 7-3 in connection with the Motion is sufficient reason to deny the Motion.  *See* L.R. 7-3. Nevertheless, the court will also address the merits of the Motion.

---

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                   Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

## II.    Background

The phone number where the allegedly unlawful calls in this case were received was originally Plaintiff's 90-year-old mother Eleanora Woods' landline. (Dkt. 71-2 (Excerpts from Transcript of Plaintiff's Deposition, "Pl. Dep.") at 98, 107-08.)  Someone registered the phone number on the National Do Not Call Registry on September 1, 2003.  (FAC ¶¶ 14-16; Pl. Dep. at 184-85.)  At some point, the phone number was converted to a cell phone number.  (Pl. Dep. at 108-09, 112.)

In October 2021, the phone number received two allegedly unlawful calls.  (*See* FAC ¶¶ 17-18.)  The first call occurred on October 12, 2021, and lasted 10 seconds.  (Dkt. 71-2 (AT&T Phone Records, "AT&T Recs.") at 4 of 17.)  The call was not answered, there is no evidence if a voicemail was left.  (*See* Pl. Dep. at 186-87; FAC ¶ 19.)

The second call occurred on October 19, 2021.[1]  (AT&T Recs. at 5 of 17.)  Plaintiff answered the call while Plaintiff was in Texas.  (*See* FAC ¶ 20; Pl. Dep. at 129, 188.)  She recorded the call, which lasted 1 minute and 46 seconds, with an external recording device. (Pl. Dep. at 195; AT&T Recs. at 5 of 17; *see* Dkt. 69-7 (Recording).)  In the second call, the caller says, "Hi, this is Carisha with LoanStream Markets. How are you doing today?" (Recording at 0:11-14.)  Plaintiff says, "Okay." (*Id.* at 0:26.)  The caller says, "Is this Ms. Woods?"  (*Id.* at 0:30; *see* Pl. Dep. at 191-92, FAC ¶ 20.)  Although Plaintiff was not Ms. Woods, and although Plaintiff was not physically with Eleanora Woods, Plaintiff responded, "Yes." (Recording at 0:31; Pl. Dep. at 188-89, 191-93.)  In her deposition, Plaintiff acknowledged that statement "was incorrect," but explained she made the statement based on the fact that she is her mother's power of attorney.  (*Id.* at 193-94; *see* FAC ¶ 21 ("Plaintiff is not Ms. Woods.").)

The caller responds, "Okay, we've been trying to reach you to let you know that your home has been prequalified for a lower interest rate." (Recording at 0:35-40.)  Plaintiff

---

[1] Both the Complaint and the FAC falsely alleged both calls occurred on October 12, 2021. (*See* Dkt. 1 (Complaint) ¶ 15; FAC ¶ 17; Pl. Dep. at 185-86, 213.)

---

**CIVIL MINUTES – GENERAL**                                                                    **5**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                              Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

responds, "You're calling about my mortgage?" (*Id.* at 0:48-51.)  The caller responds, "Yes." (*Id.* at 0:53.)  Plaintiff responds, "I don't know, to be quite honest." (*Id.* at 0:56-1:03.)  There is a pause. (*Id.* at 1:03-05.)  The caller says, "Okay, should I provide you with a callback?" (*Id.* at 1:05-1:10.)  Plaintiff responds, "Um, no, I guess I'm not . . . what am I supposed to do?  What is this in regards to, though?" (*Id.* at 1:10-1:20.)  The caller states that they are willing to lower her mortgage rate if it is above 3%. (*Id.* at 1:20-27.)  Plaintiff responds "Oh, okay that wasn't clear to me, I'm sorry I didn't understand that's what you were calling about." (*Id.* at 1:27-1:33.)  Plaintiff continues, "No, I'm good at this time." (*Id.* at 1:33-36.)  The caller responds, "Okay then, thank you for your time." (*Id.* at 1:36-45.)  The call ends. (*Id.* at 1:45.)

On January 3, 2023—more than 14 months after receiving the calls—Plaintiff wrote and sent by email a letter to LoanStream stating, "I'm contacting you today regarding communications to my phone that are in violation of the TCPA." (Dkt. 69-4; *see* Pl. Depo. at 208; FAC ¶ 23.)  The letter describes the calls received and the basis for a TCPA action, and states:

> Based on the number of communications detailed above, the statutory penalties to which I would be entitled total $6,000.00.  However, in the interest of helping you avoid the imposition, expense, and potential embarrassment of civil litigation, I would like to afford you an opportunity to settle this matter for $4,000.00.  In exchange for that amount, I will forgo any civil action, release your company of all claims associated with the illegal communications named herein, and consider the matter closed.
>
> Inasmuch as I'm confident that the facts of this case would not support any manner of tenable defense for your company, I would urge you to carefully consider accepting this generous, good faith offer to settle. Should you decline it or fail to respond within 5 business days from its time-tracked delivery, please know that I reserve the right to pursue civil action as described herein, in state or

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                      Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

federal court, and will seek all available injunctive and monetary relief made available to me under applicable state and federal statutes, up to and including a potential class certification. You should fully expect a lengthy and detailed discovery process to accompany that suit.

Additionally, I would insist that you give me every assurance that the offending communications that are the subject of this matter be the very last that I receive. I would also encourage you to take the necessary steps to ensure compliance with state and federal statutes moving forward, not only as a matter of protection from civil liability, but also as a courtesy to the millions of American consumers who are consistently plagued with these types of unwanted, illegal communications.

I look forward to your response within 5 days of your receipt of this notice, as directed above. I would ask that all further communication be in writing, if only as a means by which the content of that communication will be memorialized. Finally, please provide a copy of your DNC policy immediately, add my number to your internal Do Not Call list, and consider this correspondence as a notice to end any perceived existing business relationship.

(Dkt. 69-4 at 2-3.)  The letter is signed, "Eleanora C Woods . . . by Kimberly A Hudson, Power of Attorney."  (*Id.* at 3.)  "LoanStream did not respond to this correspondence."  (FAC ¶ 24.)

At the time the calls were received, the monthly statement for the telephone number was in Elenora Woods' name.  (AT&T Recs. at 7-12 of 17.)  In May 2022, the phone number was transferred into Plaintiff's name "to manage the payments."  (Pl. Depo at 111-12; AT&T Recs. at 13-17 of 17.)

_____

**CIVIL MINUTES – GENERAL**                                                           **7**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

## III.    Legal Standard

Federal Rule of Civil Procedure 23 "enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010).  Under Rule 23(a), a class may be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  These requirements are respectively referred to as numerosity, commonality, typicality, and adequacy. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).  In addition, as applicable here, Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  And Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011).  A party seeking class certification "bear[s] the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011).  The party "must prove the facts necessary to carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Food, LLC*, 31 F. 4th 651, 665 (9th Cir. 2022).  A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23[] have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 161 (1982).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

## IV.    Discussion

Plaintiff seeks to certify the following class:

> All persons in the United States who, from August 2021 through June 2022, (1) were on the National Do Not Call Registry for at least thirty days, (2) and who received more than one telephone call from the LoanStream calling campaign, as evidenced in the calling data produced by LizDev in this lawsuit, (3) within any 12-month period (4) as identified in the Expert Report of Aaron Woolfson.

(Mot. at 15.)  The court finds class certification is not appropriate because, among other issues LoanStream identifies in the Opposition, Plaintiff has not carried her burden to show that she is a typical or adequate representative of the class.  *See Ellis*, 657 F.3d at 979-80 (explaining that the party seeking class certification "bear[s] the burden of demonstrating that they have met" Rule 23's requirements); Fed. R. Civ. P. (a)(3)-(4).

"The purpose of Rule 23's typicality and adequacy requirements is to ensure that the plaintiff's interests align with the class's interests."  *Wiley v. American Financial Network, Inc.*, 2023 WL 4681538, at *2 (C.D. Cal. July 3, 2023); *Sapan v. Veritas Funding, LLC*, 2023 WL 6370223, at *4 (C.D. Cal. July 28, 2023) (same).  "[B]oth [requirements] look to the potential for conflicts in the class."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 611 (1997).  "[A] named plaintiff's motion for class certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it" or when issues or defenses unique to the named plaintiff "threaten to become the focus of the litigation."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotations omitted).  "Thus, when named plaintiffs are subject to unique defenses which could skew the focus of the litigation, district courts properly exercise their discretion in denying class certification."  *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1321 (9th Cir. 1997).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                          Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

_____

In this case, the court finds issues and defenses unique to Plaintiff threaten to become the focus of this litigation, creating dangers for absent class members. *Hanon*, 976 F.2d at 508; *Alaska*, 123 F.3d at 1321. Plaintiff brings her TCPA claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200. (FAC ¶¶ 10-11.) These provisions prohibit initiating "more than one telephone [solicitation] within any 12-month period" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2); *see also* 47 U.S.C. § 227(c)(5).

One of the major focuses of trial is likely to be whether Plaintiff herself is a member of the class at all. As stated, the putative class is defined to include those "who received more than one telephone call from the LoanStream calling campaign, as evidenced in the calling data produced by LizDev in this lawsuit." (Mot. at 15.) But that dataset does not contain Plaintiff's name; it contains her mother's name, a California address where Plaintiff did not live, and her brother's email address. (Dkt. 58-7 (Expert Declaration of Aaron Woolfson) ¶ 47); Dkt. 71-4 (Expert Report of Madelyn Moran) ¶ 40; *see* Opp. at 12, 19-20.)

A related issue regarding LoanStream's liability to Plaintiff will be whether Plaintiff "registered . . . her telephone number on the national do-not-call-registry." 47 C.F.R. § 64.1200(c)(2). Indeed, the evidence reflects that at the time the offending calls were received, the phone number to which those calls were made was in Eleanora Woods' name, not Plaintiff's. (AT&T Records.)

Another issue unique to Plaintiff that would "skew the focus of the litigation" and may even "threaten to become the focus of the litigation" will be whether there was any existing business relationship and/or consent. *Alaska*, 123 F.3d at 1321; *Hanon*, 976 F.2d at 508. Although Plaintiff alleges LoanStream's phone calls violated her privacy, annoyed, and harassed, (FAC ¶ 56), LoanStream presents evidence that Plaintiff's mother "invited the initial call through submission of personal identifying information either directly or through her son," including testimony from Sean Roberts that he purchased "opt-in" call-leads. (Opp. at 22.) Consistent with this evidence, the caller was looking for Ms. Woods. (Recording at 0:30; *see*

_____

**CIVIL MINUTES – GENERAL**                                         **10**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

Pl. Dep. at 191-92, FAC ¶ 20.)  And of course, LoanStream will explore the fact that Plaintiff falsely stated on the October 19, 2021 call that she was Ms. Woods.  (Recording at 0:31; Pl. Dep. at 188-89, 191-94; *see* FAC ¶ 21 ("Plaintiff is not Ms. Woods.").)  On this point, LoanStream might also introduce the January 2023 letter Plaintiff wrote on behalf of her mother, which advises LoanStream to "consider this correspondence as a notice to end any perceived existing business relationship."  (Letter at 3.)

"Because of [Plaintiff's] unique situation," including the issues the court just identified, it is predictable that a major focus of the litigation will be on a defense unique to [her]."  *Hanon*, 976 F.2d at 509.  LoanStream would explore in detail the specific facts and evidence regarding ownership of the phone number, including the AT&T Records and the fact that Plaintiff's name is not on the LizDev data set, evidence regarding Ms. Woods' possible consent, and Plaintiff's misrepresentation on the call that she was her mother.  "This testimony and evidence would relate to Plaintiff's specific circumstances and not to any other class members."  *Sapan*, 2023 WL 6370223, at *5 (citing *Banarji v. Wilshire Consumer Capital, LLC*, 2016 WL 595323, at *3 (S.D. Cal. Feb. 12, 2016) (denying class certification when "the majority of the proposed class may suffer as Plaintiff will be engrossed with disputing [the defendant's] arguments regarding [his] individual case")); *see Wiley*, 2023 WL 4681538, at *3 ("For example, Defendant will likely call witnesses such as Ms. Freeman, Mr. Dooley, and Ms. Hughes, whose testimony regarding Plaintiff's call history and their conversations with her would relate to Plaintiff's specific circumstances and not to any other class members.").  The time spent on these issues would prejudice other class members who undisputably own the telephone numbers that received calls, are indisputably on the LizDev data set, and did not arguably consent to the contact.  *See Wiley*, 2023 WL 4681538, at *3 (finding typicality and adequacy not met in TCPA case when "Defendant would explore in detail the specific facts of the three phone calls to Plaintiff, including precisely how and why Plaintiff 'play[ed] along' and 'asked . . . questions.'" specific facts of the three phone calls to Plaintiff, including precisely how and why Plaintiff "play[ed] along" and "asked . . . questions."));  *Sapan*, 2023 WL 6370223, at *5 ("The time spent on these issues would prejudice other class members who did not answer Defendant's calls and engage by saying they owned a home and had a mortgage or asking questions.");  *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) ("[A] named

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative").  "Evidence regarding Plaintiff's unique issues could also confuse the jury or create a risk that the jury would develop unfair doubt over the class's claims based on the weaknesses [LoanStream] argues exist in Plaintiff's claim." *Sapan*, 2023 WL 6370223, at *5 (citing *Wiley*, 2023 WL 4681538, at *3).

Plaintiff vigorously disputes the conclusions to be drawn from the unique issues; for example, Plaintiff argues forcefully that the fact the phone number was her mother's poses no barrier to LoanStream's liability to Plaintiff, (*see* Reply at 22-23), and that LoanStream does not have sufficient evidence to show consent, (*id.* at 7-9).  But the unique issues and evidence which threaten to become a focus of the litigation make class certification inappropriate whether Plaintiff is right about them or whether LoanStream is right about them; the point is that trial will focus on these issues, to the class's detriment.  *See Hanon*, 976 F.2d at 508-09.  Even if, as Plaintiff argues, Plaintiff has a sufficient relationship with the phone number for LoanStream to be liable to her and there was not sufficient consent, LoanStream "will understandably spend substantial time at trial eliciting testimony and arguing that" is not the case, "likely to the class's detriment." *Wiley*, 2023 WL 4681538, at *3 (citing *Park v. Webloyalty.com, Inc.*, 2019 WL 1227062, at *12 (S.D. Cal. Mar. 15, 2019) ("While [plaintiff] may prevail on this defense, [defendant's] focus on it shows it will be litigated. While the defense is not unique to him—all other class members will also have to show their claims are timely—the facts of his defense are unique. He will likely be forced to expend time and effort on this, possibly to the detriment of the class."); *see Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 383 n.4 (C.D. Cal. 2016) ("It does not matter whether Defendants will ultimately prevail on these defenses.  What matters is that Defendants will assert these defenses, and they have a factual basis for doing so.")).  "Because of [Plaintiff's] unique situation, it is predictable that a major focus of the litigation will be on a defense unique to him," and Plaintiff therefore "fails to satisfy the typicality requirement of Rule 23(a)." *Hanon*, 976 F.2d at 509.

The court further finds that the same individual issues that make Plaintiff unable to carry her burden to show she is a typical class member also makes her unable to carry her burden to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                              Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

_____

show she is an adequate representative of the class she seeks to represent.  *See CE Design Ltd.*, 637 F.3d at 726 (explaining that a named plaintiff "who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative").  If Plaintiff serves as class representative, she and her counsel will have to devote significant "time and resources trying to refute" LoanStream's contentions regarding ownership of the phone number, consent, and misrepresentations on the call, which "skewed focus and diversion of resources will come at the expense of [Plaintiff's] ability to vigorously prosecute this case on behalf of the rest of the class and obtain monetary recovery for" class members without these issues.  *Nghiem*, 318 F.R.D. at 383; *Wiley*, 2023 WL 4681538, at *3; *Sapan*, 2023 WL 6370223, at *5.  "Plaintiff's unique circumstances could also deter [her] from vigorously prosecuting all class members' claims."  *Sapan*, 2023 WL 6370223, at *5; *Wiley*, 2023 WL 4681538, at *3 (similar).  Her "weaker claim could give [her] incentive to settle for a lower amount than might be obtained when considering the stronger claims of other class members."  *Sapan*, 2023 WL 6370223, at *5 (C.D. Cal. July 28, 2023); *Wiley*, 2023 WL 4681538, at *3.[2]  "Additionally, the honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims."  *Nghiem*, 318 F.R.D. at 383.  LoanStream's inquiries into Plaintiff's reasons for representing on the second call that she was her mother will force Plaintiff to divert resources to this issue at the expense of her "ability to vigorously prosecute this case on behalf of the rest of the class."  *Id.*

_____

[2] *Cf. Sherman v. Yahoo! Inc.*, 2015 WL 5604400, at **8-9 (S.D. Cal. Sept. 23, 2015) ("Plaintiff will not be a typical or adequate class representative because the manner in which she provided consent will only coincide with a select group of members of the putative class" and she may therefore "be incentivized to litigate the case in a manner favorable to her consent profile or to settle to the detriment of other class members."); *Trenz v. On-line Administrators, Inc.*, 2017 WL 3084158, at *5 (C.D. Cal. Apr. 26, 2017) (explaining that typicality reinforces adequacy "by ensuring that the named plaintiffs' interests are sufficiently aligned with those of class members to assure that they not only can but will press each such claim to a full and equal extent").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

In summary, the court finds Plaintiff has not carried her burden to show that she is typical of the class she seeks to represent under Rule 23(a)(3) or that she can adequately protect the classes' interests under Rule 23(a)(4) because the major focus of the trial in this case will be on issues, defenses, and evidence unique to Plaintiff, to the class's detriment.  *See Hanon*, 976 F.2d at 508-09; *Sapan*, 2023 WL 6370223, at *6; *Wiley*, 2023 WL 4681538, at *4; *see also Bridge v. Credit One Fin.*, 294 F. Supp. 3d 1019, 1034 (D. Nev. 2018) (finding typicality not met when there were unique defenses and issues related to the plaintiff's TCPA claim).  "Because the Court finds that Plaintiff's claims are not typical of the class's claims" and "that [she] cannot adequately represent the class," the court "need not determine whether the other Rule 23(a) and (b) requirements are met."  *Wiley*, 2023 WL 4681538, at *2 (citing *Nghiem*, 318 F.R.D. at 383 n.2); *Sapan*, 2023 WL 6370223, at *4 (same).

## V.   Disposition

For the reasons stated above, the court **DENIES** the Motion.