UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                      Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

   Rolls Royce Paschal                           N/A
    Deputy Clerk                                  Court Reporter

  Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

      Not Present                              Not Present

**PROCEEDINGS: ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE AGAINST PLAINTIFF'S COUNSEL**

In this putative class action, Plaintiff Kimberly Hudson-Bryant alleges Defendants OCMBC Inc., doing business as LoanStream ("LoanStream") and Sean Jones violated the Telephone Consumer Protection Act.  (Dkt. 37 (First Amended Complaint).)  Concurrent with this Order, the court is issuing an order denying Plaintiff's Motion for Class Certification on the basis that Plaintiff failed to comply with Central District of California Local Rule 7-3, and also failed to meet her burden to demonstrate that she is a typical or adequate representative of the class.  ("Order Denying Class Certification.")

The Order Denying Class Certification explained the basis for this Order to Show Cause as follows:

> For the second time in this case, the court must address Plaintiff's counsel's blatant failure to comply with Local Rule 7-3.  Central District of California Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion."

**CIVIL MINUTES – GENERAL**                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

*Id.* Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "Failure to include such a declaration may result in the motion being denied." *Id.*

The Motion contains the following "Compliance Statement":

> In accordance with Local Rule 7-3, the parties discussed Plaintiff's motion for class certification and defendant's anticipated opposition in the context of deadlines and case scheduling for the same, including in terms of anticipated testimony to be used in the same, on at least April 18, 2025, in a telephone call between Anthony Paronich and Thomas Landers.

(Mot. at 32.) According to counsel for LoanStream, "The only thing that is true about this unsworn statement is that I had a telephone call with Mr. Paronich on April 18, 2025." (Dkt. 69-1 ¶ 10.) Instead, LoanStream's counsel states, "Mr. Paronich and I did not discuss Plaintiff's Class Certification Motion, which as of April 18, 2025, was not due for another 34 days, on May 22, 2025. Mr. Paronich and I also did not discuss Local Rule 7-3, nor did we engage in the issue-by-issue position exchange as required by Local Rule 7-3." (*Id.* ¶ 11.)

In Reply, Plaintiff's counsel confirms Plaintiff's counsel failed to comply with Local Rule 7-3, blaming, among other issues, a witness's delayed deposition and LoanStream's counsel for the failure. (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                          Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

Reply at 27-29.)  More specifically, Plaintiff's counsel states that because of the "delay brought about by [the witness's] unavailability," "Plaintiff did not even receive the certified [witness] transcript until April 10, 2026, within the seven-day window before the April 13 filing, leaving no practical opportunity for a conference keyed to the testimony the motion required, which LoanStream's counsel defended." (*Id.*)  "Recognizing the compressed timeline, Plaintiff's counsel emailed LoanStream on the day of filing, April 13, 2026, offering to confer further on the motion to the extent LoanStream believed the parties' prior discussions were insufficient." (*Id.*)  Because "LoanStream never responded" to this email and "instead held the issue back and raised it for the first time in opposition," Plaintiff's counsel argues the fault is with LoanStream, as "[a] party that declines an express invitation to confer cannot credibly claim it was deprived of conferral." (*Id.*)  Finally, Plaintiff argues the court should not deny the Motion due to the failure to comply with Local Rule 7-3 "because LoanStream identifies no prejudice." (*Id.* at 27.)

Plaintiff plainly failed to comply with Local Rule 7-3 in relation to the Motion.  Plaintiff's "Compliance Statement" is not "a declaration, under penalty of perjury," and does not include "the position of each party with respect to each disputed issue that will be the subject of the motion." L.R. 7-3.  Nor could the Compliance Statement have contained this material, because nothing in the record indicates that on the April 2025 call—which took place a year before the Motion was filed—counsel "discuss[ed] thoroughly . . . the substance of the contemplated motion and any potential resolution." *Id.*  Plaintiff's counsel's April 13, 2026 email—which Plaintiff's counsel blames LoanStream's counsel for not responding to—does not satisfy Local Rule 7-3 either, given not only its timing (apparently sent the same

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

day the Motion was filed) but also its means (with email not being a permitted method for conferring under Local Rule 7-3).

"Compliance with the Local Rules is not optional." *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date. This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules."); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.").

Plaintiff's counsel's cavalier disregard for both the letter and the spirit of Local Rule 7-3 is all the more egregious here, when the court has

_____

**CIVIL MINUTES – GENERAL**                                    4

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

already admonished Plaintiff's counsel in this case for failing to comply with it.  In the court's September 10, 2024 Order Granting Plaintiff's Motion to Amend Complaint, the court detailed the above law, and explained that it was "extremely disappointed to find that Plaintiff's counsel failed to follow Local Rule 7-3." (Dkt. 36 at 3.) At that time, the court "f[ound] that the damage to the 'just, speedy, and inexpensive determination of [this] action' caused by Plaintiff's failure to meet and confer has already been done, and that taking additional action regarding Plaintiff's failure to comply with Local Rule 7-3—including by holding a hearing on this matter or issuing an order to show cause regarding sanctions—would only cause delay and increased expense at this stage of the proceedings." (*Id.* at 3.) "Therefore, at [that] time, the court only expresse[d] its severe disappointment with Plaintiff's counsel's blatant disregard for the Local Rules, and admonishe[d] that further failure to comply with the Local Rules . . . will not be tolerated and may result in sanctions." (*Id.*)

Plaintiff's counsel has now violated Local Rule 7-3 again.  Given the court's previous warning, the court will also issue an Order to Show Cause regarding why sanctions should not issue.  (*See* Dkt. 36 at 3.)

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  In addition, Local Rule 83-7 provides that "[t]he violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: May 27, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

The court **ORDERS** Plaintiff's counsel to show cause in writing, through a declaration, why sanctions should not issue for the failure to comply with Local Rule 7-3 in connection with the Motion for Class Certification after having previously been admonished for the failure to comply with Local Rule 7-3 in connection with the Motion to Amend Complaint.  Plaintiff's counsel's declaration shall be filed on or before **June 10, 2026.**  Failure to timely and adequately comply with this Order to Show Cause will result in sanctions being issued consistent with the court's prior warning (Dkt. 36 at 3).

LoanStream may, but is not required to, submit a brief on the issue of whether sanctions are appropriate, and/or to submit a declaration on or before **June 17, 2026,** stating any fees, costs, or expenses incurred based on Plaintiff's counsel's noncompliance.