THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>Defendants. | Case No. 8:24-cv-67-FWS-JDE<br><br>**DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Date: July 16, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 10D<br><br>Judge: Hon. Fred W. Slaughter<br>Magistrate: Hon. John D. Early<br><br>Action Filed: January 11, 2024<br>Trial Date: October 27. 2026 |

P:4925-0313-5154.8:66075-002

Pursuant to Local Rule 79-5 and the Stipulated Protective Order entered in this action ("Protective Order") (ECF No. 26), Defendant OCMBC, Inc. d/b/a LoanStream Mortgage ("Defendant" or "LoanStream") respectfully requests leave to file certain portions of its Motion for Summary Judgment or, In the Alternative, Partial Summary Judgment under seal ("Motion"). For the reasons explained herein, as well as in the concurrently filed Declaration of Thomas F. Landers In Support of Defendant's Application for Leave to File Under Seal (the "Landers Seal Declaration" or "Landers Seal Decl."), this application for leave to file under seal ("Application") should be granted so that Defendant can properly present its Motion for the Court's consideration.

## I.    **RELEVANT BACKGROUND**

This Application comes before the Court so that Defendant may seek an expeditious resolution of this case on its merits, while also abiding by the Parties' Protective Order and the prior orders of this Court. This Application is necessary for Defendant to satisfy its burden under Federal Rule of Civil Procedure ("FRCP") 56, without disclosing sensitive and personal information relating to Plaintiff Kimberly Hudson-Bryant ("Plaintiff"), Plaintiff's family, and the internal policies and practices of LoanStream.

The following details are relevant to this Application:

- On June 18, 2024, the Court signed the Parties' Protective Order, which permits the Parties to designate specific deposition testimony and exhibits as "CONFIDENTIAL"—but only if they qualify for protection under Federal Rule of Civil Procedure 26(c), applicable privacy statutes, and the good cause statement set forth in the Protective Order—and in so doing, requires that those confidential materials be filed under seal pursuant to Local Rule 79-5 (ECF No. 26);

- On May 6, 2026, the Court partially granted Plaintiff's application to seal relating to its motion for class certification and allowed four exhibits to

be filed under seal (ECF No. 67);

- On May 11, 2026, in support of its Opposition to Plaintiff's Motion for Class Certification, Defendant filed its own application to seal certain exhibits and deposition testimony, including twenty-six separate sections of Plaintiff's deposition transcript, and one exhibit, which Plaintiff's counsel marked as "CONFIDENTIAL" less than 72 hours before the opposition was due (ECF No. 70);

- On May 19, 2026, the Court provisionally granted Defendant's application to seal and ordered the Parties to meet and confer by May 22, 2026, to determine what portions of Plaintiff's deposition testimony should remain under seal (ECF No. 72);

- On May 22, 2026, counsel for the Parties met and conferred by telephone, pursuant to the Court's May 19 Order, to discuss Plaintiff's prior confidentiality designations; and

- On May 25, 2026, pursuant to the meet and confer discussion held on May 22, 2026, Plaintiff's counsel served amended confidentiality designations on Defendant via email ("Amended Confidentiality Designations"). Plaintiff also filed a separate declaration with the Court the following day. ECF No. 73.

*See* Landers Seal Decl. ¶¶ 3–9 & Ex. A.

## II.    SPECIFIC CIRCUMSTANCES WARRANT THIS APPLICATION

Defendant's Application falls under Local Rule 79–5.2.1 ("L.R. 79-5.2.1") and Local Rule 79–5.2.2(a)-(b) ("L.R. 79-5.2.2(a)" and "L.R. 79-5.2.2(b)"), which relate to the filing of documents (i) when sealing is already expressly authorized (*see* L.R. 79-5.2.1), (ii) when documents are not designated confidential by another party (*see* L.R. 79-5.2.2(a), and (iii) when another party designated materials confidential pursuant to a protective order (*see* L.R. 79-5.2.2(b)). Several considerations warrant approval of Defendant's Application.

First, the Court already approved a majority of the exhibits contemplated by this Application and no further review is required. C.D. Cal. R. 79-5.2.1. Defendant's Motion contains fifteen exhibits, but it only proposes to file eight under seal. (Landers Seal Decl. ¶ 11.) And of those eight exhibits, six were previously filed under seal in response to Plaintiff's Motion for Class Certification—namely Exhibits 1, 4, 6, 9, 12, and 13—which are referenced in and attached to the Declaration of Thomas F. Landers In Support of Defendant OCMBC, Inc. d/b/a LoanStream Mortgage's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Landers MSJ Declaration" or "Landers MSJ Decl.") or the Declaration of Serene Rosenberg Vernon In Support of Defendant OCMBC, Inc. d/b/a LoanStream Mortgage's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Vernon MSJ Declaration" or "Vernon MSJ Decl."), and which have been filed concurrently with Defendant's Motion. (Landers MSJ Decl. ¶¶ 6–21; Vernon MSJ Decl. ¶¶ 8–9.) Since the Court previously approved the filing of those exhibits in its May 6 and May 19 Orders, no further action is required. ECF Nos. 67, 72.

Second, the two new exhibits at issue in this Application—namely Exhibits 14 and 15 (the "New Exhibits"), which are also referenced in and attached to the Vernon MSJ Declaration—should also be filed under seal because they contain sensitive business information, including the internal policies and practices at LoanStream. The New Exhibits were also previously marked "Confidential" and produced to Plaintiff in discovery on March 30, 2026. Because the New Exhibits fall under the Parties' Protective Order, which the Court previously granted on June 18, 2024, the Court already determined that "good cause" exists to protect the information at issue, and that finding allows Defendant's Application to overcome the usual presumption favoring public access to those documents. *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery

DEFENDANT LOANSTREAM'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

against the need for confidentiality."). It is also well within the Court's discretion to grant Defendant's Application for similar reasons under the more rigorous "compelling reason" standard—particularly because the New Exhibits contain non-public information that, while relevant to Defendant's Motion, discuss the internal business policies and practices of LoanStream in ways bordering on trade secrets (including how it seeks out new business, how it prepares and executes new loans, and how employees are compensated). *See Ctr. Auto Safety v. Chrysler Grp., LLC*, 89 F.3d 1092, 1097 (9th Cir. 2016) ("What constitutes a 'compelling reason' is best left to the sound discretion of the trial court.") (internal citations omitted). And because Plaintiff does not oppose the sealing of these documents, and thus no public disclosure is being sought, the Court can and should grant Defendant's Application. *Id.* ("Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders . . . [and thus] the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released.") This outcome is also warranted since Defendant provided Plaintiff's counsel with advanced notice of this Application, including the scope and nature of the documents to be included, and Plaintiff did not oppose it. C.D. Cal. R. 79-5.2.2(a). Consequently, Defendant's Application should be granted so the New Exhibits (and LoanStream's business confidentiality) remain protected.

Finally, after meeting and conferring pursuant to the Court's May 19 Order, Plaintiff filed and served its Amended Confidentiality Designations on May 26, 2026 (*see* ECF No. 73), which are summarized below for the Court's reference. (*See* Landers Seal Decl. ¶¶ 8–9 & Ex. A.) As required by L.R. 79-5.2.2(b), counsel for the Parties discussed the scope of Plaintiff's initial confidentiality designations—served on May 8, 2026—and attempted to minimize the need for filing additional materials under seal. (Declaration of Adam R. Scott In Support of Defendant's Application for

Leave to File Under Seal ("Scott Declaration") ¶¶ 2–3.) During that meet and confer conversation, the Parties agreed to redact certain sensitive information about Plaintiff and/or Plaintiff's family—namely phone numbers, addresses, and financial information about Plaintiff's prior settlements and tax filings. (*Id*. ¶ 4.) Although the Parties were ultimately unable to agree on approximately fifteen topics and/or proposed citations raised by Plaintiff (*see id*.), the Parties' current disagreements only impact the scope of redactions within existing documents—not the threshold question of whether documents should be filed under seal in the first instance. *See* C.D. Cal. R. 79-5.2.2 ("If the document cannot be suitably redacted by agreement, the Filing Party may file an Application pursuant to subsection (a), but the supporting declaration must identify the material previously designated as confidential, as well as the Designating Party, and must describe in detail the efforts made to resolve the issue."). Thus, the requirements of L.R. 79-5.2.2(b) do not apply and the Court should grant Defendant's Motion for the reasons outlined above.

## III.   THE AMENDED CONFIDENTIALITY DESIGNATIONS

Here is a list of Plaintiff's Amended Confidentiality Designations, which were filed and served on May 26, 2026 (*see* ECF No. 73):

| Portion | Reason |
|---|---|
| 14:13–15:25 | Medical/health information |
| 20:19–21:3, *passim* | Plaintiff's telephone numbers (only) |
| 27:11–27:21 | Plaintiff's home address (only) |
| 32:5–33:23 | Plaintiff's damages in other litigation (amounts only) |
| 34:1–42:25 | Household/family information (names other than Julius Bryant and Eleanora Woods, damages amounts on 38:2-12, 40:25-41:1) |
| 44:1–46:25 | Home addresses (only) |
| 47:8–49:25 | Financial information (tax return status only in 48:13-25) |
| 50:4–60:17 | Family and family health information (names of Romney Woods, Christopher Woods, Dustin Hudson, and Eleanora Woods' facility, 50:1-51:25 (entirety), street names and addresses, 55:22-57:10 (entirety), 58:23-59:17 (entirety)) |

| Portion | Reason |
|---|---|
| 60:18–66:18 | Family and address information (street names and numbers, Romney's name, Adam Manuel name, only) |
| 98:9–105:21 | Family medical information (98:9-101:10 (entirety), names of Steve Rhodes, Street Name, Name of Dustin Hudson, 102:13-103:17 (entirety), email address) |
| 106:1–108:18 | Phone numbers (only), Street Name (only) |
| 109:5–117:8 | Telephone numbers (only), 113:7, 113:18-19 (entirety), 114:20-21 (entirety), 116:14-24 (entirety) |
| 116:1–129:25 | Power of attorney information (phone numbers (only), 122:16-125:14 (entirety), 126:1-127:20 (entirety), 128:19-129:24 (entirety)) |
| 130:1–132:25 | Family medical information (Romney Woods name, street name, family members names) |
| 133:1–134:25 | (Withdrawn) |
| 135:1–136:23 | Family medical information (Phone number only) |
| 136:5 | Telephone number |
| 140:15–141:20 | (Withdrawn) |
| 144:5-144:23 | (Withdrawn) |
| 148:5 | Telephone number (only) |
| 150:4–152:25 | (Withdrawn) |
| 175:1–180:10 | Attorney/client information (176:4-177:14 (entirety), phone number at 180:6, address at 180:10) |
| 180:6–183:25 | Telephone number (only) |
| 187:1–187:25 | Telephone number (only) |
| 211:1–221:25 | Telephone number (only) |
| 242:1–246:25 | Telephone number (only) |
|  |  |

*See* Landers Seal Decl. ¶ 9, Exh. A.[1]

As noted above, Plaintiff withdrew several of its previous designations and limited a number of its prior designations to specific words, phrases, names, and telephone numbers (rather than entire pages or sections of the deposition transcript). However, several disputes still exist between the Parties, particularly as it relates to

---

[1] The Amended Confidentiality Designations served on Defendant via email also designated "Defendant's Exhibit 10 to the deposition, as well as any transcribed portion of any materials previously designated as confidential."

the name of Romney Woods (Plaintiff's brother) and the following indiscriminate redactions in Plaintiff's deposition transcript (which would necessarily impact similar information in all future filings): 14:13-15:25; 50:1-51:25; 55:22-57:10; 58:23-59:17; 98:9-101:10; 102:13-103:17; 113:7, 113:18-19; 114:20-21; 116:14:24; 122:16-125:14; 126:1-127:20; 128:19-129:24; 176:4-177:14 (collectively, the "Overbroad Redactions")[2]. Thus, for the reasons outlined above, Defendant asks that the Court grant its Application and order Plaintiff to justify its Overbroad Redactions pursuant to L.R. 79-5.2.2(b)(i).

## IV.    CONCLUSION

For the reasons outlined above, Defendant respectfully requests that the Court grant the Application.

DATED:  June 4, 2026                    SOLOMON WARD SEIDENWURM & SMITH, LLP

By:     _/s/ Thomas F. Landers_
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

---

[2]    Any documents containing the Overbroad Redactions will be filed under seal until a decision is rendered by the Court.

## LOCAL RULE 11-6.2 COMPLIANCE STATEMENT

The undersigned counsel of record for Defendant certifies that this brief contains 1,891 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 4, 2026

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:      */s/ Thomas F. Landers*
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC. d/b/a LOANSTREAM MORTGAGE

DEFENDANT LOANSTREAM'S APPLICATION FOR LEAVE TO FILE UNDER SEAL