Dana Oliver
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021
Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS<br><br>*Defendants* | Case No. 8:24-cv-67-FWS-JDE<br><br>**RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Fred W. Slaughter<br><br>Magistrate: Hon. John D. Early |

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff's counsel respectfully submit this Response to the Court's May 27, 2026 Order to Show Cause (ECF No. 77), together with the accompanying declarations of Andrew Perrong, Anthony Paronich, and Dana Oliver, filed in compliance with the Court's directive that counsel show cause in writing through a declaration.

## INTRODUCTION

Counsel accept responsibility for this Court's ruling that they failed to comply with Local Rule 7-3, apologize to the Court and to opposing counsel, and will ensure this failure does not recur, including by checking filings for Local Rule compliance. Counsel respectfully submit, however, that the conduct was the product of a good faith misapprehension of Local Rule 7-3, a rule materially amended effective June 1, 2025, after the Court's prior admonition, and not of willfulness, bad faith, recklessness, or any intent to mislead the Court or opposing counsel. For the reasons set forth below and in the accompanying declarations, counsel respectfully request that the Court decline to impose sanctions.

## FACTUAL BACKGROUND

The attorney principally responsible for preparing and filing the Motion for Class Certification, and for drafting the Local Rule 7-3 compliance statement contained in it, was Andrew Perrong. Owing to the pendency of the class certification deadline, Mr. Perrong concluded that the parties' prior

communications regarding the anticipated motion, together with a compliance statement included in the Motion, satisfied Local Rule 7-3. That conclusion was mistaken and the compliance statement was overbroad and did not conform to the Rule's current requirements. However, that failure was not the product of bad faith, recklessness, or gross negligence.

## LEGAL STANDARD

As this Court has noted, sanctions may issue under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, the Court's inherent power, and Local Rule 83-7. (ECF No. 77 at 5-6 (citing *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)).) Sanctions under Rule 11 require a lack of "objective reasonableness for determinations of frivolousness as well as of improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). Each other source requires a culpable mental state. Sanctions under the Court's inherent power require a finding of bad faith or conduct tantamount to bad faith. *Fink*, 239 F.3d at 992. A specific finding of bad faith must precede any sanction under the Court's inherent authority. *Id.* Ordinary negligence or a mere oversight does not suffice. *Id.* at 993. Sanctions under 28 U.S.C. § 1927 require a showing of recklessness or bad faith. *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). And Local Rule 83-7 authorizes monetary sanctions only where the Court finds the conduct "willful, grossly negligent,

or reckless," and the imposition of costs and fees only where the conduct "rises to the level of bad faith and/or a willful disobedience of a court order." (ECF No. 77 at 5-6 (quoting L.R. 83-7).)

## RESPONSE

### A. **The failure was a good faith misapprehension of the recent amendments to Local Rule 7-3, not willful, reckless, or bad faith conduct.**

Counsel begin by acknowledging their failure to comply with the most recent version of Local Rule 7-3. The compliance statement in the Plaintiff's original Motion should not have been presented as satisfying the new version of Local Rule 7-3, as a formally sworn declaration was not provided before filing. Counsel do not ask the Court to revisit its ruling, and counsel apologize for the burden their error has placed on the Court and on opposing counsel.

Effective June 1, 2025, the Court amended Local Rule 7-3 in two material respects. Before the amendment, the Rule required only that the moving party include in the notice of motion a statement that the motion was made following a conference of counsel on a stated date. And though it required a "thorough" discussion of the "substance of the contemplated motion and any potential resolution," it did not require a separate declaration under penalty of perjury, did not require a statement of each party's position on each disputed issue, and did not specify that the conference take place in person, by telephone, or via video conference. The amendment added each of those requirements. The specific

deficiencies the Court identified in counsel's compliance statement, that it was not a sworn declaration, that it did not set forth the parties' positions, and that the email on the day of filing did not suffice, concern requirements that did not exist at the time of the Court's September 2024 admonition.

Mr. Perrong, who does not regularly practice before this Court, approached the mechanics of Local Rule 7-3 as the meet and confer requirement operates in most districts and as it existed at the time that the Court made its previous admonition in September 2024, where a compliance statement within the motion was what is expected. His belief that the prior conferral and the compliance statement satisfied the Rule, although mistaken, was held in good faith. Co-counsel Mr. Paronich, who was likewise unaware of the amendment, shared the understanding that the parties had conferred regarding the anticipated motion. The compliance statement was therefore the product of an honest misunderstanding of a recently changed rule, what it required, and its mechanics, not a knowing misstatement or an attempt to mislead the Court. Counsel did not disregard Local Rule 7-3 entirely. Counsel attempted to address it and did so imperfectly because counsel did not appreciate or operationalize that its requirements had changed.

Counsel do not rely on the amendment as an excuse for the failure to ensure a proper prefiling conference under the rules now in effect occurred. Counsel rely on it to explain why counsel mistakenly used an outdated compliance statement in

- 4 -
RESPONSE TO ORDER TO SHOW CAUSE
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

the Motion and failed to appreciate the more specific declaration requirements, and additional substantive requirements, in effect when the Motion was filed.

Conduct of this character does not meet the mental state thresholds the sanction standards require. It was not undertaken in bad faith or for any improper purpose, was not a willful disobedience of a court order, and did not reflect a reckless disregard of the Rule. Because the more serious sanctions available, fee shifting under Local Rule 83-7(b), and sanctions under 28 U.S.C. § 1927 or the Court's inherent power, are reserved for bad faith or reckless conduct, they are not warranted here.

This Court has every right to demand an explanation for why this occurred after the Court's September 2024 admonition. Counsel are mindful that the obligation to confer did not change with the June 1, 2025 amendment. However, the amendment altered the form the compliance statement took and the standards necessary for compliance. This does not excuse the separate failure to ensure that a proper conference took place under the revised rule before filing or the obligation of all counsel to ensure the requirements imposed by the latest version of the local rules was met prior to filing. Counsel accept responsibility for these failures on their own terms. However, counsel offer the amendment as an explanation for why counsel did not willfully disregard the Court's prior admonition. Mr. Perrong has

RESPONSE TO ORDER TO SHOW CAUSE
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

acknowledged that he had the means to avoid the error, by confirming the Rule's requirements himself and with local counsel, and did not use it.

**B. The Motion has already been denied, LoanStream was not prejudiced, and counsel will ensure compliance moving forward. Further sanctions are not necessary to vindicate the Rule.**

The Court has already denied the Motion for Class Certification, in part on the basis of the Local Rule 7-3 failure. That denial is itself a significant consequence of counsel's error. In addition, LoanStream filed a complete opposition, supported by an expert report, the declaration of Sean Roberts, and deposition excerpts, and briefed every issue the Motion raised. Counsel recognize the Court has held that the absence of prejudice does not excuse the violation. Counsel raise it solely as it bears on the proportionality of any further sanction.

Counsel take the obligation to comply with this Court's Local Rules and procedures seriously and want to assure the Court that the lapse at issue will not be repeated. Counsel offer this assurance not to minimize what occurred, but because they are confident this specific failure will not recur. Counsel are committed to ensuring this does not happen again and commit to reviewing the latest version of the Local Rules before filing, as well as clearing such filings with local counsel prior to filing. Counsel respectfully submit that this commitment, their acceptance of responsibility, and the denial of the Motion together represent a measured and

RESPONSE TO ORDER TO SHOW CAUSE
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

proportionate response to the conduct at issue and that further sanctions are unwarranted.

## CONCLUSION

Counsel again apologize to the Court and to opposing counsel for the failure to comply with Local Rule 7-3. For the reasons stated above and in the accompanying declarations, counsel respectfully request that the Court decline to impose sanctions. For the foregoing reasons, the undersigned pray that the Court discharge its order to show cause.

Dated: June 9, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
(*Pro Hac Vice*)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

/s/ Anthony Paronich
Anthony Paronich, Esq.
(*Pro Hac Vice*)
Paronich Law, P.C.
350 Lincoln St #2400
Hingham, MA 02043
Phone: 617-485-0018
anthony@paronichlaw.com

*/s/ Dana Oliver*
Dana Oliver, Esq.
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Phone: 855-384-3262
Facsimile: 888-570-2021
dana@danaoliverlaw.com

## **LOCAL RULE 11-6.2 COMPLIANCE STATEMENT**

The undersigned, counsel of record for Plaintiff, certifies that this Response contains 1,725 words, which complies with the word limit of L.R. 11-6.1.

June 9, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

June 9, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.