Dana Oliver
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021
Attorney for Plaintiff and Putative Class

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>OCMBC, INC. D/B/A LOANSTREAM, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS<br><br>*Defendants* | Case No. 8:24-cv-67-FWS-JDE<br><br>**DECLARATION OF ANDREW ROMAN PERRONG TO ORDER TO SHOW CAUSE**<br><br>Judge: Hon. Fred W. Slaughter<br><br>Magistrate: Hon. John D. Early |

## <u>DECLARATION OF ANDREW ROMAN PERRONG</u>

## <u>TO ORDER TO SHOW CAUSE</u>

I, Andrew Perrong, declare as follows:

1.      I am one of the attorneys for Plaintiff Kimberly Hudson-Bryant in this action admitted *pro hac vice*. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I submit this declaration in response to the Court's May 27, 2026 Order to Show Cause (ECF No. 77).

2.      I was the attorney principally responsible for preparing and filing Plaintiff's Motion for Class Certification, and I drafted the Local Rule 7-3 "compliance statement" contained in that Motion. Responsibility for the conduct the Court has identified rests with me, and I do not seek to place it elsewhere.

3.      The Court is entitled to ask why this happened after the Court had already admonished Plaintiff's counsel regarding Local Rule 7-3. I do not have a good excuse. I have an explanation, and I want to be clear at the outset that I do not offer it as a justification.

4.      In the period before the filing deadline, I was focused on completing the class certification record, including incorporating deposition testimony that had only recently become available to me, and on finalizing the Motion and its supporting expert and evidentiary materials.

5.      My misunderstanding was specific. I do not regularly practice before this Court, and I approached Local Rule 7-3 the way it previously operated in this

Court, as a notice and certification requirement where a compliance statement set out within the motion itself is what is expected and required. I did not appreciate that this District recently required something more, and different, namely, a conference addressing each disputed issue of the contemplated motion, followed by a declaration, under penalty of perjury, that identifies the date of the conference and each party's position on each disputed issue.

6. When I considered whether we had satisfied the requirement, I concluded that the parties' earlier discussions, together with a compliance statement placed in the Motion, were sufficient. I believed that in good faith. That conclusion was mine, and it was wrong, and the compliance statement I drafted was imprecise and overbroad and should not have been presented as Local Rule 7-3 compliance. I did not draft the statement knowing it to be false, and I did not intend to mislead the Court or opposing counsel. The statement did not contain what a compliant declaration requires, and that it placed the Court in the position of having to issue an order to show cause to determine what had actually occurred. I am sorry for that, and I apologize to the Court and to opposing counsel.

7. I also had a way to catch this mistake, and I did not use it. Local counsel, Dana Oliver, is versed in this District's practice. Before filing, I did not raise with local counsel the question whether our prior discussions satisfied Local

DECLARATION TO ORDER TO SHOW CAUSE
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

Rule 7-3 and I did not ask what the Rule required. Had I done so, I do not believe this would have happened.

8.    When the Court admonished Plaintiff's counsel regarding Local Rule 7-3 in September 2024, the Rule was materially different from the version in effect when I filed the Motion for Class Certification. As then written, Local Rule 7-3 required only that the moving party include in the notice of motion a brief statement that the motion was made following a conference of counsel on a stated date, and did not specify the required forms of the conference. It did not require a separate declaration under penalty of perjury, and it did not require a statement of each party's position on each disputed issue. Effective June 1, 2025, after the Court's prior admonition, the Court amended Local Rule 7-3 to add those requirements. The specific deficiencies the Court has identified in my compliance statement, that it was not a sworn declaration and did not set out the parties' positions, concern requirements that did not exist when I was previously admonished. I do not offer this to excuse my error. I should have operationalized and researched the proper standard for compliance with Local Rule 7-3 and I did not. I offer it only so the Court understands that this was a failure to operationalize and understand the requirements accompanying the recent change to the Rule's mechanics, not a disregard of the Court's prior warning. I take full responsibility

DECLARATION TO ORDER TO SHOW CAUSE
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*

for my separate failure to ensure that a proper conference under the revised Rule took place.

9.      This Order to Show Cause, and the seriousness with which the Court treats Local Rule 7-3, will not be forgotten in my practice before this District. I understand that Local Rule 7-3 is not a checkbox requirement. Even where a motion seems inevitable, a substantive conference can narrow issues, avoid unnecessary arguments, identify evidentiary or scheduling problems, and conserve the Court's resources. I failed to give the Rule that practical effect here. That failure will never occur again. I respectfully ask the Court to accept this explanation, my apology, and my commitment to the above.

   PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT

   EXECUTED THIS June 9, 2026
   IN THE UNITED STATES OF AMERICA.


   _____
   Andrew Perrong

DECLARATION TO ORDER TO SHOW CAUSE
*Hudson-Bryant v. OCMBC, Inc. d/b/a LoanStream*