THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>      Defendants. | Case No. 8:24-cv-67-FWS-JDE<br><br>**DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:     Hon. Fred W. Slaughter<br>Magistrate:  Hon. John D. Early<br><br>Action Filed:  September 10, 2024<br>Trial Date:    October 27, 2026 |

P:4904-1136-9397.9:66075-002

Case No. 8:24-cv-67-FWS-JDE

DEFENDANT OCMBC, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**LoanStream's Brief Regarding Whether Sanctions are Appropriate**

On May 27, 2026, the Court issued its Order to Show Cause Why Sanctions Should Not Issue Against Plaintiff's Counsel ("OSC"). (Dkt. #77.) On June 9, 2026, counsel for Plaintiff Kimberly Hudson-Bryant ("Plaintiff") filed a Response to Order to Show Cause ("OSC Response"). (Dkt. #83.) As invited by the Court in its OSC, Defendant OCMBC, Inc. d/b/a LoanStream Mortgage ("LoanStream") submits the following brief concerning whether sanctions are appropriate, as well as the costs incurred due to Plaintiff's counsel's noncompliance with this Court's Local Rules (the "Reply").

As stated in the accompanying Declaration of Thomas F. Landers, LoanStream's counsel spent more than four hours and $2,480 addressing Plaintiff's failure to comply with Local Rule 7-3, both in connection with the class certification motion and this Reply. (*See* Declaration of Thomas F. Landers ("Landers Decl.") ¶¶ 2 and 3.) But cost is not the only reason for this Reply. As explained below, LoanStream hopes to clarify two points. First, the OSC Response states that any misstep occurred due to counsel not regularly practicing in this Court, but public record indicates that Plaintiff's counsel has repeatedly been admitted *pro hac vice* in the Central District of California. Second, the OSC Response focuses on the amendment to Local Rule 7-3's written certification requirement, but the primary violation here was the failure to conduct the meeting of counsel, which requirement did not materially change following the July 2025 amendment to the rules. Counsel's inadequate certification statement merely exacerbated that primary violation.

Regarding the first issue, according to the OSC Response, Plaintiff's counsel's failure to comply was "a good faith misapprehension of the recent amendments to Local Rule 7-3" and that failure occurred because counsel "does not regularly practice before this Court" and therefore approached the meet and confer requirement as it "operates in most districts and as it existed at the time that the Court made its previous admonition in September 2024." (OSC Response 4:6-11.) But public record indicates

that Mr. Perrong has appeared as *Pro Hac Vice* ("PHV") counsel in at least eight cases, including this one, in the Central District since 2024, and Mr. Paronich has appeared at least twenty-six cases, including this one, since 2013. Those cases are listed below:

**Mr. Perrong's PHV Cases:**

| # | Case Name | Case Number |
|---|---|---|
| 1 | Kimberly Hudson-Bryant v. OCMBC Inc. | 8:24cv67 |
| 2 | Terry Fabricant v. Sunset West Legal Group, PC, et al. | 2:24cv4264 |
| 3 | Miryam Abitbol v. Current Energy LLC, et al. | 2:24cv8132 |
| 4 | Paul Ryan v. Wilshire Law Firm, P.L.C. | 2:24cv8816 |
| 5 | James E. Shelton v. Freedom Forever LLC | 2:25cv1970 |
| 6 | Peter Duffy v. Hth Communications, LLC | 2:25cv9852 |
| 7 | Lakia Arnold v. Fashion Nova, LLC | 2:25cv9849 |
| 8 | Asher Bronstin v. Southern California Edison Company | 8:25cv2334 |

**Mr. Paronich's PHV Cases:**

| # | Case Name | Case Number |
|---|---|---|
| 1 | Matthew Donaca v. Metropolitan Life Insurance Co., et al. | 2:13cv5611 |
| 2 | Terry Fabricant v. United Card Solutions LLC | 2:18cv1429 |
| 3 | James Schaffer, et al. v. First Choice Payment Solutions | 8:18cv1981 |
| 4 | Terry Fabricant v. Goldwater Bank, N.A. | 2:19cv164 |
| 5 | Terry Fabricant v. Net Element, Inc. | 2:19cv2451 |
| 6 | Terry Fabricant v. Signapay, Ltd. et al. | 2:19cv3953 |
| 7 | Robert Bernstein v. Southern California Telephone Co. | 5:19cv1888 |
| 8 | Terry Fabricant v. Wavve Marketing Corp et al. | 2:20cv1619 |
| 9 | George Moore v. Contactability.Com, LLC, et al. | 8:20cv569 |
| 10 | Terry Fabricant v. Independent Order of Foresters et al. | 2:20cv4364 |

DEFENDANT OCMBC, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

| 11 | Kenneth Johansen v. Loandepot.Com LLC, et al. | 8:20cv919 |
| 12 | Terry Fabricant v. Main Street Host, Inc. | 2:20cv9773 |
| 13 | William Loftus et al. v. Farmers Group, Inc. et al. | 2:21cv3266 |
| 14 | Ryan McGowan v. A-List Marketing Solutions, Inc | 8:21cv1134 |
| 15 | Robert Clough, II v. Highway Automotive Pros LLC | 8:23cv107 |
| 16 | Michelle Finn v. Loandepot.Com LLC | 8:23cv737 |
| 17 | Asher Bronstin v. Clear Link Insurance Agency, LLC | 8:23cv1742 |
| 18 | Asher Bronstin v. Solcius, LLC | 8:23cv2255 |
| 19 | Kimberly Hudson-Bryant v. OCMBC Inc. | 8:24cv67 |
| 20 | Joseph Brennan v. Directv, LLC, et al. | 2:24cv3019 |
| 21 | Jon Anthony Clark v. Freedom Forever LLC | 5:24cv1903 |
| 22 | Amber Ferrell v. Seed Beauty, LLC | 2:25cv1324 |
| 23 | Wyatt Buls v. Dhtla Motors LLC | 2:25cv3128 |
| 24 | Liseth Aguirre v. Optum Health Plan of California | 5:25cv1161 |
| 25 | Peter Duffy v. Verizon Wireless Services, LLC | 2:25cv9024 |
| 26 | Rick Rhebb v. Molina Healthcare, Inc. | 2:26cv1488 |

Turning to the second issue, the primary violation here is Plaintiff's counsel's failure to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution[,]" a requirement that existed both before and after the 2025 amendment to Local Rule 7-3 and is also expressly stated in the Civil Standing Order ("Standing Order") filed in this action on January 17, 2024. (Dkt. #10 [Motions – General Requirements. Pre-Filing Requirement. "Counsel should take note of Local Rule 7-3, which requires 'counsel contemplating the filing of any motion' to 'first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.'"].) Regarding the content of the meeting, the Standing Order further explains that "Counsel should discuss the issues sufficiently such that if a motion is still necessary, the briefing may be directed

DEFENDANT OCMBC, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

to those substantive issues requiring resolution by the court. Counsel should resolve minor procedural or other non-substantive matters during the conference." (*Id.*)[1]

In short, during the pendency of the case, the meeting requirement has always existed, and the Court previously admonished counsel regarding the same issue. (Dkt. #36 at pp. 2-4 (citing rule, relevant case law, and stating "… at  this time, the court only expresses severe disappointment with Plaintiff's counsel's blatant disregard for the Local Rules, and admonishes that further failure to comply with the Local Rules—or this court's rules[fn]—will not be tolerated and may result in sanctions".) The OSC Response does not appear to acknowledge the failure to conduct the type of meeting required at all times by the Local Rules and the Standing Order; indeed, it appears still to insinuate that the limited communications that did occur sufficed. (Landers Decl.,¶ 4; Ex. 1.) Further, it does not explain why the prior certification statement erroneously suggested that the required meeting did occur.

Respectfully submitted,

DATED:  June 17, 2026

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  _____*/s/ Thomas F. Landers*_____
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

---

[1]  A more detailed account of the inadequate communications between counsel is discussed in the prior Declaration of Thomas F. Landers dated May 11, 2026, which was filed in support of LoanStream's Opposition to Plaintiff's Motion for Class Certification. (Dkt. #69-1.) That description will not be repeated here.

DEFENDANT OCMBC, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE