UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                    Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER ISSUING SANCTIONS AGAINST PLAINTIFF'S COUNSEL FOR REPEATED FAILURE TO COMPLY WITH LOCAL RULE 7-3**

## I.   Introduction and Background

In this putative class action, Plaintiff Kimberly Hudson-Bryant alleges Defendants OCMBC Inc., doing business as LoanStream ("LoanStream") and Sean Jones violated the Telephone Consumer Protection Act.  (Dkt. 37 (First Amended Complaint).)  On May 27, 2026, the court issued two orders: an order denying Plaintiff's Motion for Class Certification on the basis that Plaintiff failed to comply with Central District of California Local Rule 7-3 and also failed to meet her burden to demonstrate that she is a typical or adequate representative of the class, (Dkt. 76 ("Order Denying Class Certification")), and an Order to Show Cause why sanctions should not issue against Plaintiff's counsel "for the failure to comply with Local Rule 7-3 in connection with the Motion for Class Certification after having previously been admonished for the failure to comply with Local Rule 7-3 in connection with the Motion to Amend Complaint, (Dkt. 77 ("OSC") at 6).

The Order Denying Class Certification explained the basis for the OSC as follows:

> For the second time in this case, the court must address Plaintiff's counsel's blatant failure to comply with Local Rule 7-3.  Central

---

**CIVIL MINUTES – GENERAL**                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                      Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

District of California Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." *Id.* Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* "Failure to include such a declaration may result in the motion being denied." *Id.*

The Motion contains the following "Compliance Statement":

> In accordance with Local Rule 7-3, the parties discussed Plaintiff's motion for class certification and defendant's anticipated opposition in the context of deadlines and case scheduling for the same, including in terms of anticipated testimony to be used in the same, on at least April 18, 2025, in a telephone call between Anthony Paronich and Thomas Landers.

(Mot. at 32.) According to counsel for LoanStream, "The only thing that is true about this unsworn statement is that I had a telephone call with Mr. Paronich on April 18, 2025." (Dkt. 69-1 ¶ 10.) Instead, LoanStream's counsel states, "Mr. Paronich and I did not discuss Plaintiff's Class Certification Motion, which as of April 18, 2025, was not due for another 34 days, on May 22, 2025. Mr. Paronich and I also

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                          Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

---

did not discuss Local Rule 7-3, nor did we engage in the issue-by-issue position exchange as required by Local Rule 7-3." (*Id.* ¶ 11.)

In Reply, Plaintiff's counsel confirms Plaintiff's counsel failed to comply with Local Rule 7-3, blaming, among other issues, a witness's delayed deposition and LoanStream's counsel for the failure. (*See* Reply at 27-29.) More specifically, Plaintiff's counsel states that because of the "delay brought about by [the witness's] unavailability," "Plaintiff did not even receive the certified [witness] transcript until April 10, 2026, within the seven-day window before the April 13 filing, leaving no practical opportunity for a conference keyed to the testimony the motion required, which LoanStream's counsel defended." (*Id.*) "Recognizing the compressed timeline, Plaintiff's counsel emailed LoanStream on the day of filing, April 13, 2026, offering to confer further on the motion to the extent LoanStream believed the parties' prior discussions were insufficient." (*Id.*) Because "LoanStream never responded" to this email and "instead held the issue back and raised it for the first time in opposition," Plaintiff's counsel argues the fault is with LoanStream, as "[a] party that declines an express invitation to confer cannot credibly claim it was deprived of conferral." (*Id.*) Finally, Plaintiff argues the court should not deny the Motion due to the failure to comply with Local Rule 7-3 "because LoanStream identifies no prejudice." (*Id.* at 27.)

Plaintiff plainly failed to comply with Local Rule 7-3 in relation to the Motion. Plaintiff's "Compliance Statement" is not "a declaration, under penalty of perjury," and does not include "the position of each party with respect to each disputed issue that will be the subject of the motion." L.R. 7-3. Nor could the Compliance Statement have contained this material, because nothing in the record indicates that on the April 2025 call—which took place a year before the Motion was

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

filed—counsel "discuss[ed] thoroughly . . . the substance of the
contemplated motion and any potential resolution." *Id.* Plaintiff's
counsel's April 13, 2026 email—which Plaintiff's counsel blames
LoanStream's counsel for not responding to—does not satisfy Local
Rule 7-3 either, given not only its timing (apparently sent the same
day the Motion was filed) but also its means (with email not being a
permitted method for conferring under Local Rule 7-3).

"Compliance with the Local Rules is not optional." *Cerelux Ltd. v.
Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017). In
particular, Local Rule 7-3 is not "just a piece of petty pedantry put
down to trip up lawyers" or "mere formalism simply there" for
lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL
6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important
functions to help "secure the just, speedy, and inexpensive
determination of every action and proceeding." *Id.* (quoting Fed. R.
Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL
17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3
is not merely to provide notice of a pending motion, but to encourage
parties to discuss their respective positions and identify any common
ground. This is an essential step to conserve limited judicial
resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-
confer requirement of Local Rule 7-3 assists in promoting the
resolution of disputes without requiring the intervention of the Court.
It also serves the important purpose of providing the opposing party
sufficient notice as to the contents of a proposed motion and an
opportunity to negotiate on the hearing date. This allows for the
preparation of an adequate response given the otherwise short briefing
schedule for motions provided for by the Local Rules."); *R.H. v. Cnty.
of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25,
2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties

_____

**CIVIL MINUTES – GENERAL**                                                            **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                              Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice.").

Plaintiff's counsel's cavalier disregard for both the letter and the spirit of Local Rule 7-3 is all the more egregious here, when the court has already admonished Plaintiff's counsel in this case for failing to comply with it.  In the court's September 10, 2024 Order Granting Plaintiff's Motion to Amend Complaint, the court detailed the above law, and explained that it was "extremely disappointed to find that Plaintiff's counsel failed to follow Local Rule 7-3." (Dkt. 36 at 3.) At that time, the court "f[ound] that the damage to the 'just, speedy, and inexpensive determination of [this] action' caused by Plaintiff's failure to meet and confer has already been done, and that taking additional action regarding Plaintiff's failure to comply with Local Rule 7-3—including by holding a hearing on this matter or issuing an order to show cause regarding sanctions—would only cause delay and increased expense at this stage of the proceedings." (*Id.* at 3.) "Therefore, at [that] time, the court only expresse[d] its severe disappointment with Plaintiff's counsel's blatant disregard for the Local Rules, and admonishe[d] that further failure to comply with the Local Rules . . . will not be tolerated and may result in sanctions." (*Id.*)

Plaintiff's counsel has now violated Local Rule 7-3 again.  Given the court's previous warning, the court will also issue an Order to Show Cause regarding why sanctions should not issue. (*See* Dkt. 36 at 3.)

(Order Denying Class Certification at 1-4.)  The court ordered "Plaintiff's counsel to show cause in writing, through a declaration, why sanctions should not issue for the failure to comply with Local Rule 7-3 in connection with the Motion for Class Certification after having previously been admonished for the failure to comply with Local Rule 7-3 in connection with

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                      Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

the Motion to Amend Complaint."  (OSC at 6.)  The court further stated that "LoanStream may, but is not required to, submit a brief on the issue of whether sanctions are appropriate, and/or to submit a declaration . . . stating any fees, costs, or expenses incurred based on Plaintiff's counsel's noncompliance."  (*Id.*)

## II.    Legal Standard

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).  In addition, Local Rule 83-7 provides that "[t]he violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

## III.    Responses to the OSC, Findings, and Analysis

In response to the OSC, Plaintiff's counsel submit three declarations:  one from Andrew Perrong, who "was the attorney principally responsible for preparing and filing Plaintiff's Motion for Class Certification, and I drafted the Local Rule 7-3 'compliance statement' contained in that Motion," (Dkt. 83-1 ("Perrong Declaration") ¶ 2); one from Anthony Paronich, who was the attorney who participated in the 2025 communications with LoanStream's counsel that Perrong relied on to substantiate his representation that Plaintiff's counsel complied with Local Rule 7-3, (Dkt. 83-2 ("Paronich Declaration")); and one from Dana Oliver, who serves as "local counsel," but who "was not consulted regarding the Local Rule 7-3 conferral or the compliance statement in connection with the Motion for Class Certification before it was filed" and "was not brought into that process for this Motion,"

---

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                          Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

(Dkt. 83-3 ("Oliver Declaration") ¶¶ 2-3).  Because Perrong accepts "[r]esponsibility for the conduct the Court has identified," this Order focuses on Perrong's conduct.  (Perrong Decl. ¶ 2.)

Most of Perrong's response to the OSC—which he is clear is "an explanation" and not an "excuse," (Perrong Decl. ¶ 3)—is devoted to his statement that he does "not regularly practice before this Court," and his argument that the June 1, 2025 amendments to Local Rule 7-3 explain his failure to comply.  (Perrong Decl. ¶ 5; *see id.* ¶ 8 ("When the Court admonished Plaintiff's counsel regarding Local Rule 7-3 in September 2024, the Rule was materially different from the version in effect when I filed the Motion for Class Certification."); *see also* Dkt. 83 ("P. Resp.") at 3-6.)  These arguments miss the point.

The court issued the OSC not because Plaintiff failed to comply with technical aspects of Local Rule 7-3 that changed in the June 2025 amendments, but rather because Plaintiff failed previously in this case to comply with Local Rule 7-3,[1] leading the court to (1) directly address how Local Rule 7-3 serves important purposes and is not simply a box to be checked off, and (2) specifically "admonish[] that further failure to comply with the Local Rules—or this court's rules—will not be tolerated and may result in sanctions." (*See* OSC at 4.)  Perrong gives short shrift to both of these fundamental aspects of the OSC, ultimately falling back on his arguments regarding the amendment:

> Counsel are mindful that the obligation to confer did not change with the June 1, 2025 amendment.  However, the amendment altered the form the compliance statement took and the standards necessary for compliance.  This does not excuse the separate failure to ensure that a proper conference took place under the revised rule before filing or the obligation of all counsel to ensure the requirements imposed by the latest version of the local rules was met prior to filing.  Counsel accept responsibility for these failures on their own terms.  However,

---

[1] Perrong filed the Motion to Amend Complaint which was the subject of the court's prior admonishment regarding Local Rule 7-3.  (*See* Dkt. 33.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                                    Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

> counsel offer the amendment as an explanation for why counsel did
> not willfully disregard the Court's prior admonition.

(P. Resp. at 5.)

Based on the record, as applied to the relevant law, the court finds that Perrong's failure to comply with Local Rule 7-3 for the second time in this case—not only a repeated failure to comply with the Local Rules in this case but also a failure of civility and a failure to follow a court order—was grossly negligent and reckless.[2]  Accordingly, the court **ISSUES** monetary sanctions against Perrong under Local Rule 83-7(a) in the amount of $500, payable to the court.

In addition, if any court in the Central District of California issues an OSC re sanctions to Perrong or his law firm—whether on the basis of a violation of Local Rule 7-3 or otherwise— Perrong is **ORDERED** to disclose the court's two findings in this case that Perrong failed to comply with Local Rule 7-3 and the court's issuance of sanctions on the second occasion.  On this note, Perrong represents:

> This Order to Show Cause, and the seriousness with which the Court
> treats Local Rule 7-3, will not be forgotten in my practice before this
> District.  I understand that Local Rule 7-3 is not a checkbox
> requirement.  Even where a motion seems inevitable, a substantive

---

[2] The court would be remiss if it did not note that there is evidence in the record indicating the failure may very well have been willful.  For example, Perrong's declaration filed with the reply supporting the Motion for Class Certification explained in detail that he did not have certain deposition testimony "necessary to finalize the motion" until April 10, 2026, and was therefore not able to meet and confer "within seven days of the motion's filing on April 13, 2026." (Dkt. 74-2 ¶ 7.)  These statements indicate Perrong, realizing his inability to comply with Local Rule 7-3, deliberately misrepresented that 2025 communications satisfied the requirement—a notion that is further supported by the court's prior admonishment regarding Local Rule 7-3 on a motion Perrong filed, (*see* Dkts. 33, 36), and Perrong's failure to bring local counsel into the process for a motion as critical as a motion for class certification, (*see* Oliver Decl. ¶¶ 2-3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00067-FWS-JDE                          Date: June 18, 2026
Title: Kimberly Hudson-Bryant v. OCMBC Inc. *et al.*

> conference can narrow issues, avoid unnecessary arguments, identify
> evidentiary or scheduling problems, and conserve the Court's
> resources. I failed to give the Rule that practical effect here. That
> failure will never occur again. I respectfully ask the Court to accept
> this explanation, my apology, and my commitment to the above.

(Perrong Decl. ¶ 9.) The court sincerely hopes this is the case; if it is, this second aspect of the
court's sanctions will have little effect on Perrong.

## IV.    Disposition

For the foregoing reasons, the court **ISSUES** monetary sanctions in the amount of $500
against Perrong, to be paid to the court on or before **July 9, 2026.** In addition, Perrong is
**ORDERED** to disclose the court's two admonishments in this case that Local Rule 7-3 is not
optional or a "checkbox requirement" in response to any future order to show cause re sanctions
issued by any court in the Central District of California—whether on the basis of a violation of
Local Rule 7-3 or otherwise.

**cc: Fiscal Section of the Clerk's Office**