THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>Defendants. | Case No. 8:24-cv-00067-FWS-JDE<br><br>**DECLARATION OF THOMAS F. LANDERS IN SUPPORT OF DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:          July 16, 2026<br>Time:          10:00 a.m.<br>Crtrm.:        10D<br><br>Judge:         Hon. Fred W. Slaughter<br>Magistrate:    Hon. John D. Early<br><br>Action Filed:  January 11, 2024<br>Trial Date:    October 27, 2026 |

P:4919-4765-9956.3:66075-002

Case No. 8:24-cv-00067-FWS-JDE

DECLARATION OF THOMAS F. LANDERS ISO DEFENDANT'S REPLY

I, Thomas F. Landers, declare:

1.      I am an attorney at law licensed to practice before all federal and state courts in the State of California and am a partner with Solomon Ward Seidenwurm & Smith, LLP, counsel for Defendant OCMBC, Inc. dba LoanStream Mortgage ("Defendant" or "LoanStream") in this action. I have personal knowledge of the facts set forth in this declaration, which I submit in support of Defendant's Reply in support of its Motion for Summary Judgment or, In the Alternative, Partial Summary Judgment (the "Motion").

2.      On February 21, 2025, Plaintiff's counsel, Andrew Perrong, Esq. remotely deposed Sean Roberts, an individual defendant in this action, via Zoom (the "Sean Roberts Deposition"). I also attended the deposition. Additional true and correct excerpts from the transcript of the Sean Roberts Deposition are attached as Exhibit 16, which supplement the record and support (i) LoanStream's response to Plaintiff' opposition to LoanStream's statement of uncontroverted facts and evidence (i.e., SUF 1-81) and/or (ii) LoanStream's response to "plaintiff's statement of additional material facts" (i.e., SUF 82-119).

3.      On March 26, 2026, I deposed Plaintiff via Zoom. The deposition was stenographically recorded by a certified shorthand court reporter. Additional true and correct copies of excerpts from the transcript of Plaintiff's deposition are attached as Exhibit 17, which supplement the record and support (i) LoanStream's response to Plaintiff' opposition to LoanStream's statement of uncontroverted facts and evidence (i.e., SUF 1-81) and/or (ii) LoanStream's response to "plaintiff's statement of additional material facts" (i.e., SUF 82-119).

4.      On May 27, 2025, Plaintiff's counsel, Andrew Perrong, Esq., remotely deposed Cynthia Roberts, via Zoom (the "Cynthia Roberts Deposition"). My colleague, Mei-Ying Imanaka, Esq., attended that deposition on behalf of LoanStream. Additional true and correct excerpts from the transcript of the Cynthia Roberts Deposition are attached as Exhibit 18, which supplement the record and support (i) LoanStream's

response to Plaintiff' opposition to LoanStream's statement of uncontroverted facts and evidence (i.e., SUF 1-81) and/or (ii) LoanStream's response to "plaintiff's statement of additional material facts" (i.e., SUF 82-119).

5.    On March 31, 2026, Plaintiff's counsel, Andrew Perrong, Esq., remotely deposed Serene Rosenberg Vernon, via Zoom (the "Serene Vernon Deposition"). I attended that deposition on behalf of LoanStream. True and correct excerpts from the transcript of the Serene Vernon Deposition are attached as Exhibit 19, which supplement the record and support (i) LoanStream's response to Plaintiff' opposition to LoanStream's statement of uncontroverted facts and evidence (i.e., SUF 1-81) and/or (ii) LoanStream's response to "plaintiff's statement of additional material facts" (i.e., SUF 82-119).

6.    Further, regarding Plaintiff's repeated reference to the pending criminal charges against Ms. Vernon in the Opposition, they arise from an automobile accident. It is a matter of public record that the accident resulted in a fatality, as well as subsequent criminal charges against Ms. Vernon (which remain pending to this day). But, the automobile accident is reported to have taken place on January 31, 2025, which is *years* after the events that are the subject of this lawsuit. The criminal charges filed against Ms. Vernon also have nothing to do with the issues in this lawsuit, which stem from alleged phone calls from Global Experts, Ltd., a non-party and now-defunct Jamaican company, in 2021. That counsel quotes her testimony about those charges in Plaintiff's Opposition is an attempt to capitalize on a tragedy affecting multiple families, including Ms. Vernon's family, but has nothing to do with this case

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on June 25, 2026, at San Diego, California.

*/s/ Thomas F. Landers*
Thomas F. Landers