THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
ADAM R. SCOTT [SBN 333706]
ascott@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant OCMBC, INC.
d/b/a LOANSTREAM MORTGAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,<br><br>            Defendants. | Case No. 8:24-cv-67-FWS-JDE<br><br>**DEFENDANT OCMBC, INC. d/b/a LOANSTREAM MORTGAGE'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO LOANSTREAM'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:      July 16, 2026<br>Time:      10:00 a.m.<br>Crtrm.:    10D<br><br>Judge:      Hon. Fred W. Slaughter<br>Magistrate:  Hon. John D. Early<br><br>Action Filed:  January 11, 2024<br>Trial Date:   October 27, 2026 |

Case No. 8:24-cv-67-FWS-JDE

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Pursuant to this Court's Civil Standing Order dated September 23, 2024, Local Rule 7-7 and Federal Rule of Civil Procedure 56(c), Defendant OCMBC, Inc. dba LoanStream Mortgage ("Defendant" or "LoanStream") hereby objects to the following declaration and exhibits submitted by Plaintiff Kimberly Hudson-Bryant ("Plaintiff") in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment. *See* Dkt. 85.

- **DECLARATION OF ELIZABETH STONE.** DKT. 85-5.

| STATEMENTS | OBJECTIONS |
|---|---|
| Pg. 2; ¶ 4<br><br>"Beginning in at least 2021, a company named Premier Financial Marketing LLC/Resmo Lending ("Resmo")—which was operated by Sean Roberts—obtained leads from LizDev to use in connection with a calling campaign ***I understand he ran for LoanStream*** ("LoanStream Campaign")." [emphasis added] | **Lack of Personal Knowledge; Speculation (FRE 602).** No evidence (admissible or otherwise) is offered to establish Declarant's personal knowledge that Sean Roberts performed a call campaign for Defendant. Her statement is speculation. |
| Pg. 2; ¶ 4<br><br>***"I also understand*** that Resmo hired a company called Global Experts, LLC to serve as the call center for the LoanStream Campaign." [emphasis added] | **Lack of Personal Knowledge; Speculation (FRE 602).** No evidence (admissible or otherwise) is offered to establish Declarant's personal knowledge that Sean Roberts hired Global Experts for the purposes stated. Her statement is speculation. |
| Pg. 2; ¶ 6<br><br>"Attached as Composite Exhibit A are true and accurate copies of documents LizDev produced in connection with the Subpoena and this case generally." | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff did not submit to, or file with, the Court "Composite Exhibit A[,]" nor did Plaintiff serve it on LoanStream with Plaintiff's class certification motion or Plaintiff's opposition to LoanStream's motion for summary judgment. As discussed below, the Declarant fails to establish her personal |

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| STATEMENTS | OBJECTIONS |
|---|---|
| | knowledge of whatever documents comprise "Composite Exhibit A."<br><br>**Hearsay (FRE 801–802).** To the extent Declarant offers the contents of "Composite Exhibit A" for their truth, they are inadmissible hearsay. Because Declarant asserts the documents represent prior actions taken by Global Experts, those documents involve assertions by a third-party, are out of court statements offered to prove the truth of the matter asserted (*i.e.,* that they fully and accurately reflect calls made by Global Experts) and are therefore inadmissible hearsay.<br><br>**Hearsay Within Hearsay (FRE 805).** To the extent "Composite Exhibit A" provides an account of actions taken by a third-party, Declarant's testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>**No "Business Records" Exception (FRE 803(6)).** Declarant offers no testimony to establish the hearsay exception found at FRE 803(6)(A)-(E). Further, LoanStream has shown that "Composite Exhibit A" is not trustworthy because it lists 3 phone calls made to the Number, but the AT&T records, and Plaintiff's own testimony, establish there were only 2 calls to the Number. |
| Pg. 2; ¶ 7<br><br>"Composite Exhibit A contains logs of outbound calls placed by Global Experts, LLC in connection with the LoanStream Campaign. I had access to these documents by virtue of either | **Lack of Personal Knowledge; Speculation (FRE 602).** Declarant has failed to establish her personal knowledge of what "Composite Exhibit A" contains – including because it was not provided to, nor filed with, the Court in connection with Plaintiff's class certification motion, Plaintiff's opposition |

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| STATEMENTS | OBJECTIONS |
|---|---|
| my prior business dealings with Sean Roberts at Resmo in relation to the LoanStream Campaign, or because I invested in Global Experts, which I understand is now defunct." | to LoanStream's motion for summary judgment, or Declarant's declaration.<br><br>Additionally, Declarant fails to establish her personal knowledge of whether "Composite Exhibit A contains logs of outbound calls placed by Global Experts, LLC…" She has no personal knowledge of whether Global Experts engaged in a call campaign, as discussed above.  She offers no testimony regarding how the "logs" were created, when they were created, by whom they were created, nor whether they were created at or near the time of the events they may purport to memorialize, nor does she testify about the measures taken (if any) by whomever created the "logs" to ensure their accuracy. Finally, she offers no testimony regarding what measures were taken (if any) to preserve the alleged "logs" without modification from the unknown time they were created to the present.<br><br>**Lack of Foundation; No Authentication (FRE 602; 901).** Declarant fails to authenticate "Composite Exhibit A" and specifically any "logs."  In addition to the lack of testimony regarding the preparation and maintenance of these "logs,"  Declarant cannot even identify the source from which she allegedly obtained them.  She merely offers that she had "access" to them either from "Sean Roberts at Resmo" or from Global Experts.<br><br>**Hearsay (FRE 801–802).** To the extent Declarant offers the contents of "Composite Exhibit A" for their truth, they are inadmissible hearsay. Because  Declarant asserts the documents represent prior |

Case No. 8:24-cv-67-FWS-JDE

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| STATEMENTS | OBJECTIONS |
|---|---|
| | actions taken by Global Experts, those documents involve assertions by a third-party, are out of court statements offered for the truth of the matter asserted (*i.e.,* that they fully and accurately reflect calls made by Global Experts) and are therefore inadmissible hearsay.<br><br>**Hearsay Within Hearsay (FRE 805).** To the extent "Composite Exhibit A" provides an account of actions taken by a third-party, Declarant's testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay.<br><br>**No "Business Records" Exception (FRE 803(6)).** Declarant offers no testimony to establish the hearsay exception found at FRE 803(6)(A)-(E). Further, LoanStream has shown that "Composite Exhibit A" is not trustworthy because it lists 3 phone calls made to the Number, but the AT&T records, and Plaintiff's own testimony, establish there were only 2 calls to the Number. |

Further pursuant to this Court's Civil Standing Order dated September 23, 2024, Local Rule 7-7 and Federal Rule of Civil Procedure 56(c), LoanStream separately objects, and respectfully asks the Court, to strike "Composite Exhibit A" to the extent it contains the "logs" mentioned in the Declaration of Elizabeth Stone. That is the data set that third-party LizDev, Inc. ("LizDev") produced in response to a subpoena. Ms. Stone declares she is the CEO of LizDev. Plaintiff's Opposition contends that this data set reflects phone calls made by another third-party, defunct Global Experts, Ltd. The only attempt Plaintiff makes to authenticate this data set is Ms. Stone's declaration (Dkt. 85-5), which is also the subject of this evidentiary

-5-

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

objection. The Court should exclude the data set – if it had been submitted with the Opposition – under Federal Rules of Evidence 602, 801, 802, 805 and 901.

In Plaintiff's telling, the data set is a record of outbound calls made by Global Experts. But there has been a complete lack of authentication for the data set. Ms. Stone does not offer any testimony about how the data set was prepared, by whom, when, whether it in fact is intended to be a complete record of all outbound calls by Global Experts, and what steps (if any) were taken to ensure its accuracy. Ms. Stone cannot even testify where she obtained the data set – she offers two potential sources, Sean Roberts or Global Experts. There is no evidence that the data set has been maintained in a static state since its creation (whenever that was, and assuming it was accurate in the first place).  It is therefore possible the data set has been altered after-the-fact. Further, the data set is a hearsay document, containing multiple levels of hearsay, being offered for a hearsay purpose. Plaintiff offers no evidence to establish that the data set is a "Record of a Regularly Conducted Activity" under FRE 803(6).

- **PLAINTIFF'S EXHIBIT "B" – ACCOUNTING LEDGER / P&L STATEMENT**. DKT. 85-6.

| STATEMENTS | OBJECTIONS |
|---|---|
| The entirety of the document as submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff does not provide any information about how the document was obtained or attempt to authenticate it in any way through the testimony of witness(es), a custodian of records declaration, or otherwise. Pursuant to the Standing Order, "[d]ocumentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a |

Case No. 8:24-cv-67-FWS-JDE

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| STATEMENTS | OBJECTIONS |
|---|---|
| | witness who can establish authenticity"—which Plaintiff did not do here. **Hearsay (FRE 801–802).** **Hearsay Within Hearsay (FRE 805).** |

- **EXCERPTS FROM THE DEPOSITION OF SEAN ROBERTS**.

DKT. 85-2.

| STATEMENTS | OBJECTIONS |
|---|---|
| All of the excerpts submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff submits deposition excerpts without any accompanying (1) attorney declaration authenticating that the excerpts are true and correct copies from deposition transcripts taken in this action, or (2) certification from the court reporter who reported the deposition. At a minimum, the excerpts should have included (i) the cover page of the transcript that details the case caption, deponent name,  date, and reporter name, (ii) the reporter's certification page stating that the transcript is a true and accurate record, and (iii) if applicable, an errata sheet to the extent one exists for the transcript. |

- **EXCERPTS FROM THE DEPOSITION OF CYNTHIA ROBERTS**.

DKT. 85-3.

| STATEMENTS | OBJECTIONS |
|---|---|
| All of the excerpts submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff submits deposition excerpts without any accompanying (1) attorney declaration authenticating that the excerpts are true and correct copies from deposition transcripts taken in this action, or (2) certification from |

Case No. 8:24-cv-67-FWS-JDE

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| STATEMENTS | OBJECTIONS |
|---|---|
| | the court reporter who reported the deposition. At a minimum, the excerpts should have included (i) the cover page of the transcript that details the case caption, deponent name,  date, and reporter name, (ii) the reporter's certification page stating that the transcript is a true and accurate record, and (iii) if applicable, an errata sheet to the extent one exists for the transcript.<br><br>**Hearsay (FRE 801–802).** Mrs. Roberts is a third-party witness. To the extent Plaintiff is offering the testimony for the truth of the matter asserted, Plaintiff has not established a hearsay exception including, for example, that the witness is unavailable under FRE 804(b)(1). |

- **EXCERPTS FROM THE DEPOSITION OF SERENE VERNON.** DKT. 85-4.

| STATEMENTS | OBJECTIONS |
|---|---|
| All of the excerpts submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff submits deposition excerpts without any accompanying (1) attorney declaration authenticating that the excerpts are true and correct copies from deposition transcripts taken in this action, or (2) certification from the court reporter who reported the deposition. At a minimum, the excerpts should have included (i) the cover page of the transcript that details the case caption, deponent name,  date, and reporter name, (ii) the reporter's certification page stating that the transcript is a true and accurate |

Case No. 8:24-cv-67-FWS-JDE

DEFENDANT'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| STATEMENTS | OBJECTIONS |
|---|---|
|  | record, and (iii) if applicable, an errata sheet to the extent one exists for the transcript. |

Respectfully submitted,

DATED:  June 25, 2026

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:      */s/ Thomas F. Landers*
THOMAS F. LANDERS
ADAM R. SCOTT
Attorneys for Defendant OCMBC, INC. d/b/a LOANSTREAM MORTGAGE

P:4933-1624-7732.6:66075-002

-9-      Case No. 8:24-cv-67-FWS-JDE