# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,

Plaintiff,

v.

OCMBC, INC. D/B/A LOANSTREAM MORTGAGE, PREMIER FINANCIAL MARKETING LLC D/B/A RESMO LENDING, AND SEAN ROBERTS,

Defendants.

Case No. 8:24-cv-67-FWS-JDE

**[PROPOSED] ORDER GRANTING DEFENDANT OCMBC, INC. D/B/A LOANSTREAM MORTGAGE'S EVIDENTIARY OBJECTIONS RE PLAINTIFF'S OPPOSITION TO LOANSTREAM'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Date:       July 16, 2026
Time:       10:00 a.m.
Crtrm.:     10D

Judge:      Hon. Fred W. Slaughter
Magistrate: Hon. John D. Early

Action Filed: January 11, 2024
Trial Date:   October 27, 2026

P:4928-5172-5495.3:66075-002

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

Having reviewed and considered Defendant OCMBC, Inc. d/b/a LoanStream Mortgage's ("Defendant" or "LoanStream") Evidentiary Objections re Plaintiff's Opposition to LoanStream's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Motion"), and for good cause appearing, the Court hereby rules on Defendant's objections as follows:

- **DECLARATION OF ELIZABETH STONE**. DKT. 85-5.

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| Pg. 2; ¶ 4<br><br>"Beginning in at least 2021, a company named Premier Financial Marketing LLC/Resmo Lending ("Resmo")—which was operated by Sean Roberts—obtained leads from LizDev to use in connection with a calling campaign *I understand he ran for LoanStream* ("LoanStream Campaign")." [emphasis added] | **Lack of Personal Knowledge; Speculation (FRE 602).** No evidence (admissible or otherwise) is offered to establish Declarant's personal knowledge that Sean Roberts performed a call campaign for Defendant. Her statement is speculation. | Sustained: ___<br><br>Overruled: ___ |
| Pg. 2; ¶ 4<br><br>"*I also understand* that Resmo hired a company called Global Experts, LLC to serve as the call center for the LoanStream Campaign." [emphasis added] | **Lack of Personal Knowledge; Speculation (FRE 602).** No evidence (admissible or otherwise) is offered to establish Declarant's personal knowledge that Sean Roberts hired Global Experts for the purposes stated. Her statement is speculation. | Sustained: ___<br><br>Overruled: ___ |

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| Pg. 2; ¶ 6<br><br>"Attached as Composite Exhibit A are true and accurate copies of documents LizDev produced in connection with the Subpoena and this case generally." | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff did not submit to, or file with, the Court "Composite Exhibit A[,]" nor did Plaintiff serve it on LoanStream with Plaintiff's class certification motion or Plaintiff's opposition to LoanStream's motion for summary judgment. As discussed below, the Declarant fails to establish her personal knowledge of whatever documents comprise "Composite Exhibit A." | Sustained: ___<br><br>Overruled: ___ |
| | **Hearsay (FRE 801–802).** To the extent Declarant offers the contents of "Composite Exhibit A" for their truth, they are inadmissible hearsay. Because Declarant asserts the documents represent prior actions taken by Global Experts, those documents involve assertions by a third-party, are out of court statements offered to prove the truth of the matter asserted (*i.e.,* that they fully and accurately reflect calls made by Global Experts) and are therefore inadmissible hearsay. | Sustained: ___<br><br>Overruled: ___ |
| | **Hearsay Within Hearsay (FRE 805).** To the extent "Composite Exhibit A" provides an account of actions taken by a third-party, Declarant's testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. | Sustained: ___<br><br>Overruled: ___ |

-3-

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| | **No "Business Records" Exception (FRE 803(6)).** Declarant offers no testimony to establish the hearsay exception found at FRE 803(6)(A)-(E). Further, LoanStream has shown that "Composite Exhibit A" is not trustworthy because it lists 3 phone calls made to the Number, but the AT&T records, and Plaintiff's own testimony, establish there were only 2 calls to the Number. | Sustained: ___ <br><br> Overruled: ___ |
| Pg. 2; ¶ 7 <br><br> "Composite Exhibit A contains logs of outbound calls placed by Global Experts, LLC in connection with the LoanStream Campaign. I had access to these documents by virtue of either my prior business dealings with Sean Roberts at Resmo in relation to the LoanStream Campaign, or because I invested in Global Experts, which I understand is now defunct." | **Lack of Personal Knowledge; Speculation (FRE 602).** Declarant has failed to establish her personal knowledge of what "Composite Exhibit A" contains – including because it was not provided to, nor filed with, the Court in connection with Plaintiff's class certification motion, Plaintiff's opposition to LoanStream's motion for summary judgment, or Declarant's declaration. Additionally, Declarant fails to establish her personal knowledge of whether "Composite Exhibit A" contains logs of outbound calls placed by Global Experts, LLC…" She has no personal knowledge of whether Global Experts engaged in a call campaign, as discussed above. She offers no testimony regarding how the "logs" were created, when they were created, by whom they were created, nor whether they were created at or near the time of the events they may purport to memorialize, nor does she testify about the measures taken (if any) by whomever created the "logs" to | Sustained: ___ <br><br> Overruled: ___ |

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| | ensure their accuracy. Finally, she offers no testimony regarding what measures were taken (if any) to preserve the alleged "logs" without modification from the unknown time they were created to the present.<br><br>**Lack of Foundation; No Authentication (FRE 602; 901).** Declarant fails to authenticate "Composite Exhibit A" and specifically any "logs." In addition to the lack of testimony regarding the preparation and maintenance of these "logs," Declarant cannot even identify the source from which she allegedly obtained them.  She merely offers that she had "access" to them either from "Sean Roberts at Resmo" or from Global Experts. | Sustained: \_\_\_<br><br>Overruled: \_\_\_ |
| | **Hearsay (FRE 801–802).** To the extent Declarant offers the contents of "Composite Exhibit A" for their truth, they are inadmissible hearsay. Because  Declarant asserts the documents represent prior actions taken by Global Experts, those documents involve assertions by a third-party, are out of court statements offered for the truth of the matter asserted (*i.e.*, that they fully and accurately reflect calls made by Global Experts) and are therefore inadmissible hearsay. | Sustained: \_\_\_<br><br>Overruled: \_\_\_ |

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| | **Hearsay Within Hearsay (FRE 805).** To the extent "Composite Exhibit A" provides an account of actions taken by a third-party, Declarant's testimony is an out of court statement not made by the author and is therefore inadmissible hearsay within hearsay. | Sustained: ___ <br><br> Overruled: ___ |
| | **No "Business Records" Exception (FRE 803(6)).** Declarant offers no testimony to establish the hearsay exception found at FRE 803(6)(A)-(E). Further, LoanStream has shown that "Composite Exhibit A" is not trustworthy because it lists 3 phone calls made to the Number, but the AT&T records, and Plaintiff's own testimony, establish there were only 2 calls to the Number. | Sustained: ___ <br><br> Overruled: ___ |

- **PLAINTIFF'S EXHIBIT "B" – ACCOUNTING LEDGER / P&L STATEMENT**. DKT. 85-6.

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| The entirety of the document as submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff does not provide any information about how the document was obtained or attempt to authenticate it in any way through the testimony of witness(es), a custodian of records declaration, or otherwise. Pursuant to the Standing Order, "[d]ocumentary evidence for which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity"— which Plaintiff did not do here. | Sustained: ___ <br><br> Overruled: ___ |

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| | **Hearsay (FRE 801–802).** | Sustained: ___ <br><br> Overruled: ___ |
| | **Hearsay Within Hearsay (FRE 805).** | Sustained: ___ <br><br> Overruled: ___ |

- **EXCERPTS FROM THE DEPOSITION OF SEAN ROBERTS**.

  DKT. 85-2.

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| All of the excerpts submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff submits deposition excerpts without any accompanying (1) attorney declaration authenticating that the excerpts are true and correct copies from deposition transcripts taken in this action, or (2) certification from the court reporter who reported the deposition. At a minimum, the excerpts should have included (i) the cover page of the transcript that details the case caption, deponent name, date, and reporter name, (ii) the reporter's certification page stating that the transcript is a true and accurate record, and (iii) if applicable, an errata sheet to the extent one exists for the transcript. | Sustained: ___ <br><br> Overruled: ___ |

- **EXCERPTS FROM THE DEPOSITION OF CYNTHIA ROBERTS**.

  DKT. 85-3.

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| All of the excerpts submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff submits deposition excerpts without any accompanying (1) attorney declaration authenticating that the | Sustained: ___ <br><br> Overruled: ___ |

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| | excerpts are true and correct copies from deposition transcripts taken in this action, or (2) certification from the court reporter who reported the deposition. At a minimum, the excerpts should have included (i) the cover page of the transcript that details the case caption, deponent name, date, and reporter name, (ii) the reporter's certification page stating that the transcript is a true and accurate record, and (iii) if applicable, an errata sheet to the extent one exists for the transcript. | |
| | **Hearsay (FRE 801–802).** Mrs. Roberts is a third-party witness. To the extent Plaintiff is offering the testimony for the truth of the matter asserted, Plaintiff has not established a hearsay exception including, for example, that the witness is unavailable under FRE 804(b)(1). | Sustained: ___<br><br>Overruled: ___ |

- **EXCERPTS FROM THE DEPOSITION OF SERENE VERNON**. DKT. 85-4.

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| All of the excerpts submitted by Plaintiff. | **Lack of Foundation; No Authentication (FRE 602; 901).** Plaintiff submits deposition excerpts without any accompanying (1) attorney declaration authenticating that the excerpts are true and correct copies from deposition transcripts taken in this action, or (2) certification from the court reporter who reported the deposition. At a minimum, the excerpts should have included (i) the cover page of the transcript that details the case caption, deponent name, date, and reporter name, (ii) the reporter's certification page stating that the transcript is a true and accurate record, and (iii) if applicable, an | Sustained: ___<br><br>Overruled: ___ |

[PROPOSED] ORDER RE EVIDENTIARY OBJECTIONS

| STATEMENTS | OBJECTIONS | RULINGS |
|---|---|---|
| | errata sheet to the extent one exists for the transcript. | |

**IT IS SO ORDERED.**

Date:_____     _____

Honorable Fred W. Slaughter
UNITED STATES DISTRICT JUDGE